IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NEZ PERCE TRIBE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06cv02239-JR |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Dirk A. Kempthorne, Secretary of the Interior ("Interior"), and Henry M. Paulson,

Secretary of the Treasury ("Treasury") (collectively, the "Defendants"), submit the following

Answer to the First Amended Complaint ("Amended Complaint").  Defendants specifically deny

each and every allegation of the Amended Complaint that is not otherwise expressly admitted,

qualified, or denied in this Answer.  The numbered paragraphs of this Answer correspond to the

numbered paragraphs of the Amended Complaint:

**"INTRODUCTION AND NATURE OF THE ACTION"**

1.      Paragraph 1 consists of Plaintiffs' conclusions of law and characterizations of

their suit to which no response is required.

2.      Defendants admit that the United States has held trust funds for certain periods of

time on behalf of various tribes.  The remainder of Paragraph 2 consists of Plaintiffs'

characterizations of a report of the Interior Office of the Inspector General and testimony of the

General Accounting Office ("GAO') to which no response is required.  The cited report and

testimony speak for themselves and are the best evidence of their contents.

3.      As to the allegations of the first sentence of paragraph 3, Defendants admit, on

information and belief, that some 103 trust cases have been filed by approximately 70 tribes. Defendants aver that 37 of these cases are pending before this Court and that a number of Tribes that have brought cases in District Court have also filed companion cases in the United States Court of Federal Claims.  The allegations in the second and third sentences consist of Plaintiffs' characterization of these other cases and of their case, to which no response is required.  The pleadings in the other actions speak for themselves.  As to the allegations in the fourth sentence of Paragraph 3, Defendants are currently without information or belief sufficient to answer such allegations, and the allegations are therefore denied.  Moreover, the phrase "due to lack of resources" is vague and ambiguous, thus precluding Defendants from formulating a specific response thereto.  The fifth sentence of Paragraph 3 consists of Plaintiffs' characterization of their case to which no response is required.

4.      Paragraph 4 consists of Plaintiffs' characterizations and conclusions of law and a quotation from a judicial opinion to which no response is required.  In response to the first sentence of Paragraph 4, the phrase "full and complete accountings," as used by Plaintiffs, is vague and ambiguous such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiffs.  Further, Defendants aver that Interior has furnished and continues to furnish the Plaintiffs with financial and accounting data and documentation underlying the financial and accounting data, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) reports in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for individual

2

tribes for July 1, 1972 through September 30, 1992, which set forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiffs' trust fund monies received by Defendants. Defendants also aver that many of the Plaintiffs have received trust account information as part of judgments or settlements in cases involving accounting claims, and that additional information regarding the Plaintiffs' trust assets has historically been, and is, available on request. The court opinion and treatise cited in the second sentence of Paragraph 4 speak for themselves and provide a complete statement of their contents.

5.    Paragraph 5 consists of Plaintiffs' characterizations and conclusions of law to which no response is required. The cited court opinion and statutes speak for themselves and provide a complete statement of their contents.

6.    The allegations in the first sentence of Paragraph 6 consist of Plaintiffs' characterization and conclusion of law to which no response is required. As to the second sentence of Paragraph 6, Defendants admit that the Bureau of Indian Affairs ("BIA") awarded a contract to Arthur Andersen to perform certain "agreed-upon procedures" for certain tribal trust fund accounts for the time period of July 1972 through September 1992. As to the third sentence of Paragraph 6, Defendants admit that the BIA delivered to certain tribes a "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report . . ." in 1996. Further, the Letter cited in support of the allegations in the third sentence speaks for itself and is the best evidence of its contents. As to the fourth sentence of Paragraph 6, Defendants aver that the phrase "full and complete accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto. *See, e.g.*, Bogert & Bogert, *Trusts and*

*Trustees* §§ 965-968 (rev. 2d ed. 1982). Further, the fourth sentence consists of Plaintiffs' characterizations of a BIA report, to which no response is required. The cited report speaks for itself and is the best evidence of its contents. As to the allegations of the fifth sentence, Defendants are currently without information or belief sufficient to answer such allegations, and the allegations are therefore denied.

7.    Paragraph 7 consist of Plaintiffs' characterizations and conclusions of law and a quotation from a statute, to which no response is required. The cited statutes speak for themselves and provide a complete statement of their contents.

8.    The allegations in the first sentence of Paragraph 8 consist of Plaintiffs' characterizations and conclusions of law, to which no response is required. The cited statutes speak for themselves and provide a complete statement of their contents. The second sentence consists of Plaintiffs' characterizations of this case to which no response is required.

## "PARTIES

### Plaintiffs"

9.    Defendants admit that the Nez Perce Tribe is federally-recognized and is the beneficiary of trust funds held by the United States. As to the remaining allegations in Paragraph 9, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto. *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to the Nez Perce Tribe. Defendants further aver that Interior has furnished and continues to furnish the Nez Perce Tribe with financial and accounting data and documentation, including: (a)

from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Nez Perce Tribe of Idaho" for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Nez Perce Tribe's trust fund monies received by Defendants.  Further, Defendants aver that they have furnished the Nez Perce Tribe with trust account information as part of a judgment or settlement in satisfaction of its accounting claims in cases including, but not limited to, *Coeur d'Alene Tribe, et al v. United States*, Docket No. 523-71, 652 F. 2d 69 (Ct. Cl. 1981) and *The Nez Perce Tribe Indians v. United States*, Docket No. 179-A, 228 Ct. Cl. 924 (Cl.  Ct. 1981).

　　　　10.　　　Defendants admit that the Mescalero Apache Tribe is federally-recognized and is the beneficiary of trust funds held by the United States.  As to the remaining allegations in Paragraph 10, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees*  §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants deny that Treasury has any obligation to provide an accounting to the Mescalero Apache Tribe.  Defendants further aver that Interior has furnished and continues to furnish the Mescalero Apache Tribe with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Mescalero Apache Tribe," for the period July 1, 1972 through

September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Mescalero Apache Tribe's trust fund monies received by Defendants. Further, Defendants aver that they have furnished the Mescalero Apache Tribe with trust account information as part of a judgment or settlement in satisfaction of its accounting claims in cases including, but not limited to, *Mescalero Apache Tribe v. United States*, Docket No. 22-G, 23 Ind. Cl. Comm. 181 (1970).

11.    Defendants admit that the Tule River Indian Tribe is federally-recognized and is the beneficiary of trust funds held by the United States. As to the remaining allegation in Paragraph 11, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto. *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982). Notwithstanding the foregoing, Defendants deny that Treasury has any obligation to provide an accounting to the Tule River Indian Tribe. Defendants further aver that Interior has furnished and continues to furnish the Tule River Indian Tribe with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Tule River Indian Tribe" for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Tule River Indian Tribe's trust fund monies received by Defendants.

12.    Defendants admit that the Hualapai Tribe is federally-recognized and is

the beneficiary of trust funds held by the United States.  As to the remaining allegation in

Paragraph 10, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and

ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert &

Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing,

Defendants deny that Treasury has any obligation to provide an accounting to the Hualapai

Tribe.  Defendants further aver that Interior has furnished and continues to furnish the Hualapai

Tribe with financial and accounting data and documentation, including: (a) from at least 1980 to

1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996

entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings

Report for the Hualapai Tribe" for the period July 1, 1972 through September 30, 1992, which

sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and

(c) from 1995 to the present, periodic statements of accounts or performance for the Hualapai

Tribe's trust fund monies received by Defendants.  Further, Defendants aver that they have

furnished the Hualapai Tribe with trust account information as part of a judgment or settlement

in satisfaction of its accounting claims in cases including, but not limited to, *The Hualapai Tribe*

*of the Hualapai Reservation, Arizona v. United States,* 11 Ind. Cl. Comm. 477 (1962).

13.    Defendants admit that the Yakama Nation is federally-recognized and is

the beneficiary of trust funds held by the United States.  As to the remaining allegation in

Paragraph 13, Defendants aver that the term "accounting," as used by Plaintiff, is vague and

ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert &

Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing,

Defendants deny that Treasury has any obligation to provide an accounting to the Yakama

7

Nation.  Defendants further aver that Interior has furnished and continues to furnish the Yakama

Nation with financial and accounting data and documentation, including: (a) from at least 1980

to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996

entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings

Report for the Yakama Nation" for the period July 1, 1972 through September 30, 1992, which

sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and

(c) from 1995 to the present, periodic statements of accounts or performance for the Yakama

Nation's trust fund monies received by Defendants.  Further, Defendants aver that they have

furnished the Yakama Nation with trust account information as part of a judgment or settlement

in satisfaction of its accounting claims in cases including, but not limited to, *Yakima Tribe of*

*Indians, et al., v. United States*, Docket Nos. 4, 147, 160, & 164, 20 ICC 76 (1968).

       14.     Defendants admit that the Klamath Tribes are currently federally-recognized and

are the beneficiaries of trust funds held by the United States.  As to the remaining allegation in

Paragraph 13, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and

ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert &

Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing,

Defendants deny that Treasury has any obligation to provide an accounting to the Klamath

Tribes.  Defendants further aver that Interior has furnished and continues to furnish the Klamath

Tribes with financial and accounting data and documentation, including: (a) from at least 1980 to

1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996

entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings

Report for the Klamath & Modoc Tribes" for the period July 1, 1972 through September 30,

1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Klamath Tribes' trust fund monies received by Defendants. Further, Defendants aver that they have furnished the Klamath Tribes with trust account information as part of a judgment or settlement in satisfaction of their accounting claims in cases including, but not limited to, *Klamath and Modoc Tribe and Yahooskin Band of Snake Indians*, v. United States, Docket Nos. 100-C & 100-B-1, 37 ICC (1975).

15.    Defendants admit that the Yurok Tribe is federally-recognized and is the beneficiary of trust funds held by the United States. As to the remaining allegations in Paragraph 15, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto. *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982). Notwithstanding the foregoing, Defendants deny that Treasury has any obligation to provide an accounting to the Yurok Tribe. Defendants further aver that Interior has furnished and continues to furnish the Yurok Tribe with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Yurok Tribe" for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Yurok Tribe's trust fund monies received by Defendants.

16.    Defendants admit that the Cheyenne-Arapaho Tribe is federally-recognized and is

the beneficiary of trust funds held by the United States.  As to the remaining allegations in Paragraph 16, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants deny that Treasury has any obligation to provide an accounting to the Cheyenne-Arapaho Tribe.  Defendants further aver that Interior has furnished and continues to furnish the Chyenne-Arapaho Tribe with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Cheyenne-Arapaho Tribes of Oklahoma" for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Cheyenne Arapaho Tribe's trust fund monies received by Defendants.  Further, Defendants aver that they have furnished the Cheyenne Arapaho Tribe with trust account information as part of a judgment or settlement in satisfaction of its accounting claims in cases including, but not limited to, *Cheyenne-Arapaho Tribes of Indians of Oklahoma v. United States*, Docket Nos. 329-A and 329-B, 16 Ind. Cl. Comm. 162 (1965).

17.    Defendants admit that the Pawnee Nation of Oklahoma is federally-recognized and is the beneficiary of trust funds held by the United States.  As to the remaining allegations in Paragraph 10, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing,

Defendants deny that Treasury has any obligation to provide an accounting to the Pawnee Nation of Oklahoma.  Defendants further aver that Interior has furnished and continues to furnish the Pawnee Nation of Oklahoma with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Pawnee Tribe of Oklahoma," for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Pawnee Nation of Oklahoma trust fund monies received by Defendants.  Further, Defendants aver that they have furnished the Pawnee Nation of Oklahoma with trust account information as part of a judgment or settlement in satisfaction of its accounting claims in cases including, but not limited to, *Pawnee Indian Tribe of Oklahoma v. United States*, Docket No. 10, 1 Ind. Cl. Comm. 245 (1950).

18.    Defendants admit that the Sac and Fox Nation is federally-recognized and is the beneficiary of trust funds held by the United States.  As to the remaining allegations in Paragraph 10, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees*  §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants deny that Treasury has any obligation to provide an accounting to the Sac and Fox Nation.  Defendants further aver that Interior has furnished and continues to furnish the Sac and Fox Nation with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in

11

1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Sac and Fox Nation of Oklahoma," for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Sac and Fox Nation's trust fund monies received by Defendants.  Further, Defendants aver that they have furnished the Sac and Fox Nation with trust account information as part of a judgment or settlement in satisfaction of its accounting claims in cases including, but not limited to, *Iowa Tribe of the Iowa Reservation of Kansas and Nebraska v. United States*, Docket No. 135, 15 Ind. Cl. Comm. 248 (1965).

19.    Defendants admit that the Santee Sioux Tribe of Nebraska is federally-recognized and is the beneficiary of trust funds held by the United States.  As to the remaining allegations in Paragraph 19, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees*  §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants deny that Treasury has any obligation to provide an accounting to the Santee Sioux Tribe of Nebraska.  Defendants further aver that Interior has furnished and continues to furnish the Santee Tribe of Nebraska with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Santee Sioux Tribe of Nebraska," for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of

accounts or performance for the Santee Tribe's trust fund monies received by Defendants. Further, Defendants aver that they have furnished the Santee Tribe of Nebraska with trust account information as part of a judgment or settlement in satisfaction of its accounting claims in cases including, but not limited to, *Sioux Tribe of Indians v United States*, 105 Ct. Cl. 725 (1946).

20.    Defendants admit that the Tlingit and Haida Tribes of Alaska is currently federally-recognized and is the beneficiary of trust funds held by the United States.  As to the remaining allegation in Paragraph 20, Defendants aver that the term "accounting," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*, Bogert & Bogert, *Trusts and Trustees*  §§ 965-968 (rev. 2d ed. 1982). Notwithstanding the foregoing, Defendants deny that Treasury has any obligation to provide an accounting to the Tlingit and Haida Tribes of Alaska.   Defendants further aver that Interior has furnished and continues to furnish the Tlingit and Haida Tribes of Alaska with financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Tlingit and Haida Tribes," for the period July 1, 1972 through September 30, 1992, which sets forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for the Tlingit and Haida Tribes' trust fund monies received by Defendants.  Further, Defendants aver that they have furnished the Tlingit and Haida Tribes of Alaska with trust account information as part of a judgment or settlement in satisfaction of their accounting claims in cases including, but not

limited to, *Tlingit and Haida Indians et al, v. United States,* Docket No. 342-370, 389 F.2d 778 (Ct. Cl. 1968).

**"<u>Defendants</u>"**

21.    Defendants admit that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain legal responsibilities regarding trust funds through the Secretary of the Interior.  The remaining allegations in Paragraph 21 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

22.    Defendants admit that Henry M. Paulson is the Secretary of the Treasury and that the United States carries out certain legal responsibilities regarding trust funds through the Secretary of the Treasury.  The remaining allegations in Paragraph 22 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

23.    The allegations in Paragraph 23 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

**"<u>JURISDICTION AND VENUE</u>"**

24.    Paragraph 24 consists of Plaintiffs' characterizations and conclusions of law to which no response is required.  The cited statutes speak for themselves and provide a complete statement of their contents.

25.    The allegations in Paragraph 25 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.  The cited statute speaks for itself and provides a complete statement of its contents.

14

## "COMPLAINT FOR DECLARATORY RELIEF

### Allegations"

26.     With regard to the allegations in the first and second sentences of Paragraph 26, Defendants admit that the United States has assumed certain obligations under treaties, laws, and agreements with respect to tribal trust funds.  The remaining allegations in Paragraph 26 consist of characterizations of this suit, legal conclusions, and quotations from an Interior Office of the Inspector General report to which no response is required.  The cited report speaks for itself and is the best evidence of its contents.

27.     The allegations in the first and second sentence of Paragraph 27 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.  As to the remaining allegations, Defendants admit that the United States carries out certain of its legal responsibilities to tribes pursuant to statutes, regulations, and treaties through the Secretary of the Interior, and that the Secretary of the Interior, in turn, carries out such legal responsibilities to tribes through the Bureau of Indian Affairs ("BIA") and the Office of the Special Trustee ("OST").  The statutes cited in Paragraph 27 speak for themselves and provide a complete statement of their contents.

28.     The allegations in Paragraph 28 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.  The statutes cited in Paragraph 28 speak for themselves and provide a complete statement of their contents.

29.     Defendants admit that they have held trust funds for certain tribes at certain times. The remainder of Paragraph 29 consists of Plaintiffs' characterizations of GAO testimony to which no response is required.  The cited testimony speaks for itself and is the best evidence of

its contents.

30.     As to the first sentence of Paragraph 30, Defendants admit that the United States acts as trustee for Individual Indian Money ("IIM") accounts. The report cited in the first sentence of Paragraph 30 speaks for itself and is the best evidence of its contents.  The allegations in the second sentence of Paragraph 30 consist of Plaintiffs' characterization of *Cobell v. Kempthorne*, CIV No. 96-1285 (D.D.C.), to which no response is required.  The pleadings in *Cobell* speak for themselves and provide a full statement of their contents.  As to the allegations in the third sentence of Paragraph 30, Defendants admit that the instant action does not raise any claims relating to IIM accounts.

31.     As to the allegations of Paragraph 31, Defendants admit that tribal trust funds generally include funds from different sources of income, including payments required by treaties or in satisfaction of judgments and proceeds earned from tribal lands and natural resources, as well as interest and earnings from the investment of those funds.  The reports cited in Paragraph 31 speak for themselves and are the best evidence of their contents.

32.     As to the allegations in the first sentence of Paragraph 32, Defendants admit that tribal trust funds may include judgment funds.  The remaining allegations consist of Plaintiffs' characterizations and conclusions of law and characterization of a GAO report and a congressional report to which no response is required.  The reports, statute, and court decision cited in Paragraph 32 speak for themselves and are the best evidence, or provide a complete statement, of their contents.

33.     As to the allegations in the first sentence of Paragraph 33, Defendants deny that tribal trust funds presently may include accounts known as Indian Money, Proceeds of Labor

("IMPL") account*s*.  Defendants admit that, at times prior to 1985, tribal trust funds may have

included IMPL accounts.  Further, Defendants aver that certain income from tribal lands or

natural resources are held in Proceeds of Labor accounts.  The remaining allegations consist of

characterizations and conclusions of law to which no response is required.  The report and

statutes cited in Paragraph 33 speak for themselves and are provide a complete statement of their

contents.

34.     The allegations of Paragraph 34 consist of characterizations and conclusions of

law to which no response is required.  The statutes cited in Paragraph 34 speak for themselves

and provide a complete statement of their contents.

35.     The allegations of Paragraph 35 consist of characterizations and conclusions of

law to which no response is required.  The statute cited in Paragraph 35 speaks for itself and

provides a complete statement of its contents.

36.     The allegations of Paragraph 36 consist of  Plaintiffs' characterizations and

conclusions of law and quotation from GAO testimony to which no response is required.  The

cited testimony speaks for itself and is the best evidence of its contents.

37.     As to the allegations of Paragraph 37, Defendants admit that the Office of the

Inspector General of the Department of the Interior has issued reports on Departmental

management of  tribal trust funds.  The remaining allegations in the paragraph consist of

Plaintiffs' characterizations of these reports to which no response is required.  The report cited in

Paragraph 37 speaks for itself and is the best evidence of its contents.

38.     As to the allegations of Paragraph 38, Defendants admit that the GAO has issued

various reports on management of tribal trust funds.  The remaining allegations in Paragraph 38

consist of Plaintiffs' characterization of GAO reports and testimony to which no response is required. The testimony cited in Paragraph 38 speaks for itself and is the best evidence of its contents.

39.     The allegations in the first sentence of Paragraph 39 consist of Plaintiffs' characterizations and conclusions of law and quotation from a judicial opinion to which no response is required. The court opinions and treatise cited in Paragraph 39 speak for themselves and provide a complete statement of their contents.

40.     As to the allegations of Paragraph 40, Defendants admit that Congress has enacted certain laws governing provision of information to tribes with respect to tribal trust funds. The remaining allegations in Paragraph 40 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The court opinion and laws cited in Paragraph 40 speak for themselves and provide a complete statement of their contents.

41.     Defendants admit that the American Indian Trust Reform Act was enacted in 1994. The remaining allegations of Paragraph 41 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The statutory provisions cited in Paragraph 41 speak for themselves and contain a complete statement of their contents.

42.     With regard to the allegations of Paragraph 42, Defendants admit that the BIA awarded a contract to Arthur Andersen to perform certain agreed-upon procedures for certain tribal trust fund accounts for various tribes. Defendants further aver that the BIA delivered a number of Agreed-Upon Procedures and Findings Reports to certain tribes in 1996. In addition to the these Reports, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992, Interior has furnished and continues to furnish each of the

18

Plaintiffs with other financial and accounting data and documentation, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" and (b) from 1995 to the present, periodic statements of accounts or performance for Plaintiffs' trust fund monies received by Defendants. Defendants also aver that many of the Plaintiffs have received trust account information as part of judgments or settlements in cases involving accounting claims, and that additional information regarding the Plaintiffs' trust assets has historically been, and is, available on request. The remaining allegations in Paragraph 42 consist of Plaintiffs' characterizations and conclusions of law and characterizations of and/or quotations from a GAO report and BIA contract to which no response is required. The report and contract cited in Paragraph 42 speak for themselves and are the best evidence of their contents.

43.     The allegations in Paragraph 43 consist of Plaintiffs' characterizations of a GAO report to which no response is required. The cited report speaks for itself and is the best evidence of its contents.

44.     The allegations in the first sentence of Paragraph 44 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The cited statute speaks for itself and provides a complete statement of its contents. As to the second sentence of Paragraph 44, Defendants admit that the BIA awarded a contract to Coopers & Lybrand, which contract speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 44 consist of Plaintiffs' characterizations of a GAO report to which no response is required. The cited report speaks for itself and is the best evidence of its contents. The remaining allegations in Paragraph 44 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

45.     As to the first sentence of Paragraph 45, Defendants admit that the Tribal Reconciliation Project culminated in the production of the Agreed-Upon Procedures and Findings Reports, also known as "Reconciliation Reports," covering the fiscal years 1973-1992 and in the production of additional account statements through September 30, 1995.  The remaining allegations in Paragraph 45 consist of Plaintiffs' characterizations of a GAO report and conclusions of law to which no response is required.  The cited report speaks for itself and is the best evidence of its contents.

46.     With regard to the allegations of Paragraph 46, Defendants admit that the BIA provided to various tribes in 1996 so-called "reconciliation report packages," which consisted of Agreed-Upon Procedures and Findings reports for the period 1972 to 1992, account statements for the period 1972 to 1995, Compact Discs containing transactional account information and documents pertaining to certain transactions, and other associated materials.  The GAO report cited in Paragraph 46 speaks for itself and is the best evidence of its contents.

47.     The allegations in Paragraph 47 consist of Plaintiffs' characterizations of a Letter and form to which no response is required.  The cited letter and form speak for themselves and are the best evidence of their contents.

48.     The allegations in Paragraph 48 consist of Plaintiffs' characterizations of a BIA legislative options report to which no response is required.  The legislative options report cited in Paragraph 48 speaks for itself and is the best evidence of its contents.

49.     The allegations in Paragraph 49 consist of Plaintiffs' characterizations of the Office of Special Trustee Strategic Plan to which no response is required.  The cited Strategic Plan speaks for itself and is the best evidence of its contents.

50.    The allegations in Paragraph 50 consist of Plaintiffs' characterizations of a GAO report and testimony to which no response is required.  The report and testimony cited in Paragraph 50 speak for themselves and are the best evidence of their contents.

51.    The allegations in Paragraph 51 consist of Plaintiffs' legal argument, conclusions of law, and characterizations of and quotations from reports of the Office of Special Trustee, the GAO, and the Department of the Interior Office of Inspector General to which no response is required.  The cited and quoted reports speak for themselves and are the best evidence of their contents.

52.    As to the allegations of the first sentence of Paragraph 52, Defendants admit that, despite the ongoing efforts of tribes and the Government, agreement has not yet been reached on what constitutes a full and complete accounting.  The remaining allegations in the first sentence of Paragraph 52 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.  The reports, draft regulations, budget justifications, implementation plan, and strategic plan speak for themselves and are the best evidence of, or provide a complete statement as to, their contents.  The last sentence of Paragraph 52 consist of Plaintiffs' characterizations of and a quotation from an attachment to a letter to which no response is required.  The cited correspondence speaks for itself and is the best evidence of its contents.

53.    The allegations in Paragraph 53 consist of Plaintiffs' extended quotations from court opinions to which no response is required.  The court opinions speak for themselves and provide a complete statement of their contents.

54.    As to the allegations of Paragraph 54, Defendants admit that Congress has enacted the identified statutes.  The remaining allegations of the paragraph consist of Plaintiffs'

characterizations and conclusions of law and a quotation from an Act to which no response is required. The cited statutes speak for themselves and provide a complete statement of their contents.

55.    The allegations of Paragraph 55 consist of Plaintiffs' characterizations and conclusions of law and quotations from a statute and Senate Report to which no response is required. The statutes and report cited in Paragraph 55 speak for themselves and are the best evidence of, or provide a complete statement as to, their contents.

56.    The allegations in Paragraph 56 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

57.    As to the allegations in Paragraph 57, Defendants aver that they are currently without information or belief sufficient to answer the allegations of Paragraph 57 and they are therefore denied on this ground. Moreover, the allegations consist of Plaintiffs' conclusions of law to which no response is required.

58.    The allegations in Paragraph 58 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

## "CLASS ACTION ALLEGATIONS"

59.    The allegations in Paragraph 59 consist of Plaintiffs' characterization of the scope and terms of its purported class to which no response is required. To the extent a response is required, Defendants aver that they are currently without information or belief sufficient to answer the allegations in Paragraph 59 and they are therefore denied on this ground. Defendants also aver that the term "accountings" as used by Plaintiffs is vague and ambiguous, such that

Defendants are unable to formulate a response thereto. *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiffs. Defendants aver that Interior has furnished and continues to furnish Plaintiffs with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements;" (b) reports in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for individual tribes for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiffs' trust fund monies received by Defendants. Defendants also aver that many of the Plaintiffs have received trust account information as part of a prior judgment or settlement in satisfaction of accounting claims. The rules cited in Paragraph 59 speak for themselves and provide a complete statement of their contents.

60. The allegations of Paragraph 60 consist of Plaintiffs' characterizations of the cited Exhibit 1 to which no response is required. The cited exhibit speaks for itself and is the best evidence of its contents.

61. The allegations of the first sentence of Paragraph 61 consist of Plaintiffs' characterizations of this suit to which no response is required. As to the allegations that the Tribes listed in Paragraph 61 are members of the class and representative of all other members of the class, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground. As to the allegations in the second sentence, Defendants admit that Interior has held funds in trust for the Tribes listed in

23

Paragraph 61, that the listed Tribes received Agreed-Upon Procedures and Findings Reports, and that they do not have pending district court actions seeking full and complete accountings. As to the allegation that the Tribes have not received "full and complete accountings," that phrase, as used by Plaintiffs, is vague and ambiguous such that Defendants are unable to formulate a response thereto. *See, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiffs. Further, Defendants aver that Interior has furnished and continues to furnish the Plaintiffs with financial and accounting data and documentation underlying the financial and accounting data, including: (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) reports in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for individual tribes for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiffs' trust fund monies received by Defendants. Defendants also aver that many of the Plaintiffs have received trust account information as part of judgments or settlements in cases involving accounting claims, and that additional information regarding the Plaintiffs' trust assets has historically been, and is, available on request.

62.    With regard to the allegations of Paragraph 62, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground.

63.    As to the allegations of Paragraph 63, Defendants aver that they are currently

without sufficient information or belief sufficient to answer such allegations and they are therefore denied on that ground.  Moreover, the allegations include Plaintiffs' characterizations and conclusions of law to which no response is required.

64.    As to the allegations of Paragraph 64, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground.  Moreover, the allegations include Plaintiffs' characterizations and conclusions of law to which no response is required.

65.    As to the allegations of Paragraph 65,  Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground.  Moreover, the allegations include Plaintiffs' characterizations and conclusions of law to which no response is required.

66.    As to the allegations of Paragraph 66, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground.  The cited judicial opinions speak for themselves and provide a complete statement of their contents.

67.    As to the allegations of Paragraph 67, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground.  The cited judicial opinions speak for themselves and provide a complete statement of their contents.

68.    As to the allegations in Paragraph 68, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground.  Moreover, Defendants aver that the term "on grounds generally and equally

applicable to Plaintiffs" is vague and ambiguous, such that Defendants are unable to formulate a response thereto.

69.    As to the allegations of Paragraph 69, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on that ground.  Moreover, the allegations include Plaintiffs' characterizations and conclusions of law to which no response is required.

## COUNT I

### Declaratory Judgment that the Arthur Andersen Reconciliation Reports are not full and complete accountings of tribal trust funds and setting forth the standards that would constitute such accountings

70.    Defendants incorporate by reference herein their responses to Paragraphs 1-69 of the Complaint.

71.    The allegations of Paragraph 71 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

72.    The allegations of Paragraph 71 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.  Moreover, Defendants aver that the phrase "full and complete accountings," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*,  Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiffs. Defendants aver that Interior has furnished and continues to furnish Plaintiffs with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements;" (b) reports in 1996 entitled "Tribal Trust Funds

26

Reconciliation Project, Agreed-Upon Procedures and Findings Report" for individual tribes for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiffs' trust fund monies received by Defendants.  Defendants also aver that many of the Plaintiffs have received trust account information as part of a prior judgment or settlement in satisfaction of accounting claims.

73.    The allegations in Paragraph 73 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.   Moreover, Defendants aver that the phrase "full and complete accountings," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*,  Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiffs.  Defendants aver that Interior has furnished and continues to furnish Plaintiffs with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements;" (b) reports in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for individual tribes for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and (c) from 1995 to the present, periodic statements of accounts or performance for Plaintiffs' trust fund monies received by Defendants.  Defendants also aver that many of the Plaintiffs have received trust account information as part of a prior judgment or settlement in satisfaction of accounting claims.

27

74.     The allegations in Paragraph 74 consist of Plaintiffs' conclusions of law to which no response is required.

75.     The allegations in Paragraph 75 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.

## COUNT II

## Injunction Compelling an Accounting and that Accounts be Corrected

76.     Defendants incorporate by reference herein their responses to Paragraphs 1-75 of the Complaint.

77.     As to the allegations in Paragraph 77, Defendants aver that they are currently without information or belief sufficient to answer such allegations and they are therefore denied on this ground.  Moreover, the allegations consist of Plaintiffs' conclusions of law to which no response is required.  Defendants also aver that the phrase "full and complete accountings," as used by Plaintiffs, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.*,  Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiffs.  Defendants aver that Interior has furnished and continues to furnish Plaintiffs with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements;" (b) reports in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for individual tribes for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for the years noted; and ( c ) from 1995 to

28

the present, periodic statements of accounts or performance for Plaintiffs' trust fund monies received by Defendants. Defendants also aver that many of the Plaintiffs have received trust account information as part of a prior judgment or settlement in satisfaction of accounting claims.

78.     The allegations in Paragraph 78 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.

79.     The allegations in Paragraph 79 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.

80.     The allegations in Paragraph 80 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.

## COUNT III

## Administrative Procedures [sic] Act

81.     Defendants incorporate by reference herein their responses to Paragraphs 1-80 of the Complaint.

82.     As to the allegations in Paragraph 82, Defendants aver that they lack information or belief sufficient to answer the allegations of Paragraph 82 and they are therefore denied on this ground. Further, the allegations consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

83.     The allegations in Paragraph 83 consist of Plaintiffs' conclusions of law, as well

as their characterizations of the remedy they seek, to which no response is required.

84.    The allegations in Paragraph 84 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.

85.    The allegations in Paragraph 85 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.

86.    The allegations in Paragraph 86 consist of Plaintiffs' characterizations and conclusions of law, as well as their characterizations of the remedy they seek, to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief to which no response is required.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs assert claims that are barred, in whole or in part, by the Statute of Limitations.  *See* 28 U.S.C. § 2501.

2.    To the extent that Plaintiffs assert claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70, *et seq*.).

3.    Plaintiffs assert claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel**,** waiver and consent, and other equitable defenses.

4.    To the extent Plaintiffs assert claims that they or their privies or predecessors in

interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/ or collateral estoppel.  *See Coeur d' Alene Tribe, et al., v. United States,* Docket No. 523-71, 652 F. 2d 69 (Ct. Cl. 1981); *The Nez Perce Tribe of Indians v. United States,* Docket No.179-A, 228 Ct. Cl. 924 (Ct. Cl. 1981);  *Mescalero Apache Tribe v. United States,* Docket No. 22-G, 23 Ind. Cl. Comm. 181 (1970);  *Yakima Tribe of Indians, et al., v. United States,* Docket Nos. 4, 147, 160, & 164, 20 ICC 76 (1968);  *Klamath and Modoc Tribe and Yahooskin Band of Snake Indians, v. United States,* Docket Nos. 100-C & 100-B-1, 37 ICC (1975);  *Cheyenne-Arapaho Tribes of Indians of Oklahoma v. United States,* Docket Nos. 329-A and 329-B, 16 Ind. Cl. Comm. 162 (1965);  *Pawnee Indian Tribe of Oklahoma v. United States,* Dkt. No. 10, 1 Ind. Cl. Comm. 245 (1950);  *Iowa Tribe of the Iowa Reservation of Kansas and Nebraska v. United States,* Docket No. 135, 15 Ind. Cl. Comm. 248 (1965);  *Sioux Tribe of Indians v. United States*, 105 Ct. Cl. 725 (1946).  *Tlingit and Haida Indians et al., v. United States,* Docket No. 342-70, 389 F.2d 778 (Ct. Cl. 1968).

5.    Plaintiffs assert claims that are barred, in whole or in part, by sovereign immunity.

6.    Plaintiffs assert certain claims over which this Court lacks jurisdiction.

7.    Plaintiffs fail to state a claim upon which relief can be granted.

Respectfully submitted this 11th day of May, 2007.

MATTHEW J. MCKEOWN
Acting Assistant Attorney General


*s/ Martin J. LaLonde*

ANTHONY HOANG

31

Senior Counsel
MARTIN J. LALONDE
Senior Counsel
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Phone: 202-205-0241 / 0247
Fax: 202-353-2021
E-mail: Anthony.Hoang@usdoj.gov
        Martin.LaLonde@usdoj.gov

Attorneys of Record for Defendant

OF COUNSEL:
Thomas R. Bartman
Elisabeth C. Brandon
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

Rachel Howard
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20240