IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEZ PERCE TRIBE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 06cv02239-JR |
| v. | ) |
| | ) |
| DIRK KEMPTHORNE, | ) |
| Secretary of the Interior, *et al.*, | )   . |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
WITHIN WHICH TO FILE MOTION FOR REMAND**

Pursuant to LCvR 7 Plaintiffs hereby oppose Defendants' Motion for Enlargement of Time within which to file Motion for Remand and for Extension of Temporary Stay of Litigation (filed July 30, 2007) (Doc. #34). The points and authorities in support of this opposition are as follows.

1. At least since May 4, 2007, Defendants have stated publicly their intent to seek remand of tribal trust claim cases to an agency, the U.S. Department of the Interior, under the Administrative Procedure Act (APA), 5 U.S.C. § 500-70. *See, e.g.*, Joint Report Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, *Ak-Chin Indian Community v. Kempthorne,* No. 06-2245 (filed May 4, 2007) (Doc. #12). As of May 4, 2007, Defendants stated that they wanted sixty days within which to file their APA remand motions. *Id*. at 27.

2. On June 6, 2007, the Court conducted a hearing on, *inter alia,* Defendants' intent to seek an APA remand in tribal trust cases. *See, e.g.,* Hearing Transcript, *Tohono O'odham Nation v.*

*Kempthorne,* No. 06-2236 (filed June 6, 2007).[1] During the hearing, the Court stated that it would allow the parties ten days within which to file briefs on scheduling matters regarding the APA remand issue. On June 18, 2007, the parties filed their briefs. *See, e.g.,* Plaintiff's Comments regarding Defendants' request to Delay these Proceedings to File a Motion to Remand, *Passamaquoddy Tribe v. Kempthorne,* No. 06-2240 (filed June 18, 2007) (Doc. #11); Defendants' Bench Memorandum on Case Management, *Passamaquoddy Tribe v. Kempthorne,* No. 06-2240 (filed June 18, 2007) (Doc. #12). In their brief, Defendants requested "several months" within which to file their remand motions. *See* Defendants' Bench Memorandum on Case Management, at 4 *Passamaquoddy Tribe v. Kempthorne,* No. 06-2240 (filed June 18, 2007) (Doc. # 12).

3. After conducting this hearing and considering the parties' briefing on scheduling matters pertaining to this APA remand issue raised by the government, including the overall effect of this issue on the various tribal trust claim cases before this Court, the Court entered an order on July 2, 2007 which allowed the government to file its APA remand motions in tribal trust claim cases by August 1, 2007. *See* Order in this Case (filed July 2, 2007) (Doc. #33). In allowing the government this amount of time (thirty days from July 2, 2007) to file its APA remand motions, the Court obviously carefully weighed the need to hear the government on the APA remand issue with other relevant factors affecting the proceedings in tribal trust claim cases, including the need to avoid unnecessary delay.

4. Today Defendants seek an additional ten days within which to file their APA remand motions. *See* Defendants' Motion for Enlargement of Time within which to File Motion for Remand

---

[1] This hearing involved four separate cases in which the plaintiff tribes – *Ak Chin, Passamaquoddy, Salt River,* and *Tohono O'odham* – are all represented by the same counsel.

(filed July 30, 2007) (Doc. # 34).

5. This additional requested time is unnecessary given the length of time that Defendants have had already to prepare their APA remand motions (at least sixty days from May 4, 2007, and based on their statements at the June 6, 2007 hearing referring to their obligations under the American Indian Trust Management Reform Act of 1994, a great deal longer than that).

6. Moreover, Plaintiffs take serious issue with the manner in which Defendants have requested this extension of time. As Counsel for Defendants states, he contacted Counsel for Plaintiffs regarding his contemplated extension for the first time on July 27, 2007, which was twenty-five days after the filing deadline had been set. *See* Defendants' Motion for Enlargement of Time within which to File Motion for Remand, at ¶ 5 (filed July 30, 2007) (Doc. # 34). The day that Defendants' counsel contacted Plaintiffs' counsel, July 27, 2007, was a Friday. Defendants' counsel admits that he was told that Plaintiffs' counsel was in an "all day conference." *Id.* But Defendants' counsel then complains that "at the time of . . . filing" the requested extension, he "has not heard from Plaintiff's counsel and therefore, he has not been able to ascertain Plaintiff's position on this motion." *Id.* According to the Electronic Filing Notice for the Motion, Defendants' counsel filed the Motion on Sunday, July 29, 2007. In short, Defendants' counsel knowingly contacted Plaintiffs' counsel on a Friday, knew that she was in an all-day work-related meeting, left a single voice mail on her office telephone, sent a single email to her office address, and did not give her until even the next business day to respond to his attempted contact before filing a Motion for Enlargement of Time. Such conduct is nowhere near the kind of good faith duty to confer

contemplated by LCvR 7(m).[2]

For the above stated reasons, Plaintiffs oppose Defendants' Motion for Enlargement of Time within which to File Motion for Remand.  Pursuant to LCvR 7(c), a proposed Order is submitted herewith this opposition.

DATED this 30th day of July, 2007

Respectfully submitted,

                                          */s/    Melody L. McCoy*
                                          MELODY L. MCCOY, USDC DC Bar No. CO0043
                                          DONALD R. WHARTON
                                          DAVID L. GOVER
                                          DAWN S. BAUM
                                          JOHN E. ECHOHAWK
                                          WALTER R. ECHO-HAWK, JR.
                                          Native American Rights Fund
                                          1506 Broadway
                                          Boulder, CO 80302
                                          Tel (303) 447-8760
                                          Fax (303) 443-7776
                                          E-mail mmcoy@narf.org

                                          Attorneys for Plaintiffs

---

[2] Plaintiffs note that, although the title of Defendants' Motion itself does not so indicate, the Electronic Case Filing Docket Text states that the Motion is "Unopposed."  Thus, in any event, this opposition is necessary to correct that Docket Text.

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2007, a true and correct copy of the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE MOTION FOR REMAND AND [PROPOSED] ORDER was served by Electronic Case Filing or by regular, first class U. S. mail, postage pre-paid, on the following counsel:

ANTHONY P. HOANG
MARTIN J. LALONDE
E. KENNETH STEGEBY
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
T: (202) 305-0241
T: (202) 305-0247
T: (202) 616-4119
F: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

TOM KEARNS
Office of the Solicitor
U.S. Department of the Interior
Washington, DC 20240

RACHEL M. HOWARD
Office of the Chief Counsel
Financial Management Service
U.S. Department of the Treasury
Washington, DC 20227

                                                 */s/ Melody L. McCoy*
                                        MELODY L. MCCOY, USDC DC Bar No. CO0043

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEZ PERCE TRIBE, *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 06cv02239-JR |
| | ) |
| v. | ) |
| | ) |
| DIRK KEMPTHORNE, | ) |
| Secretary of the Interior, *et al.*, | )   . |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**[PROPOSED] ORDER**

This matter is before the Court on Defendants' Motion for Enlargement of Time within which to File Motion for Remand. Upon consideration of Defendants' Motion and Plaintiffs' Opposition to the Motion, it is hereby ORDERED that:

1. Defendants' Motion for Enlargement of Time within which to File Motion for Remand hereby is DENIED;

2. Pursuant to the Order of July 2, 2007 (Doc. # 33), Defendants shall have until August 1, 2007 to file their remand motions or they will have been deemed to have waived their remand argument.

SO ORDERED.

Date: _____   _____
                                        HON. JAMES ROBERTSON
                                        United States District Court