## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NEZ PERCE TRIBE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06cv02239-JR |
| | ) | |
| v. | ) | |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, *et al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)
## AND LOCAL CIVIL RULE 16.3

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(d), Plaintiffs, the Nez Perce Tribe, *et al.*, and Defendants, Dirk Kempthorne, *et al.*, through undersigned counsel, hereby submit this Joint Report to the Court regarding discovery and other case management issues.

## I.    <u>Introductory Statement</u>

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(a), counsel for the parties conducted by telephone a "Meet and Confer" Conference on February 21, 2008.  The following counsel participated  for the parties:

- <u>Plaintiffs' Counsel of Record</u>:  Melody McCoy, Donald Wharton, and David Gover

- <u>Defendants' Counsel of Record:</u> Maureen Rudolph, Kenneth Stegeby, and Anthony Hoang

- <u>Other Government Counsel</u>: Michael Zoeller, for the Department of Justice; Michael Bianco, Thomas Bartman, and Elisabeth Brandon for the Department of the Interior; and, Teresa Dawson for the Department of the Treasury.

1

During their Meet and Confer Conference on February 21, 2008, counsel for the parties discussed all matters under Local Rule 16.3(a).  Counsel report on these matters as follows:

## II.    General Statement of the Case and Summary of Proposed Case Management Plan

Plaintiffs' Position:

This is an action for accountings of and other declaratory and injunctive equitable relief regarding Plaintiffs' tribal trust accounts and funds for which Defendants are the trustees. Defendants' characterization below in this Joint Report of this action as one being brought strictly under the Administrative Procedure Act (APA) and seeking solely "judicial review of final administrative agency action" is incorrect.  Plaintiffs have pled correctly that they are seeking "declaratory and injunctive relief" for Defendants' breaches of trust.  *See* First Amended Complaint ¶ 1 (Doc. # 26).  This Court's jurisdiction over this action is predicated  on 28 U.S.C. § 1331.  *Id.* at ¶ 24.

Defendants conveniently and improperly overlook that throughout the entire Complaint any and all references to "review of agency action" are separate from and in addition to the other bases for jurisdiction, claims, and relief in this action.  *See, e.g.,* ¶s 26-58 "COMPLAINT FOR DECLARATORY RELIEF"; *accord* ¶s 81-86 "COUNT III, Administrative Procedures Act" (which Count is separate from ¶s 70-75, COUNT I, Declaratory Judgment that the Arthur Andersen Reconciliation Reports are not full and complete accountings of tribal trust funds and setting forth the standards that would constitute such accountings, and ¶s 76-80, COUNT II, Injunctions Compelling Accountings, Documents Preservation, and That Accounts be Corrected).  Defendants' position that any reference in a pleading to review of agency action somehow converts the entire

action to an exclusive APA action is simply baseless.

Moreover, Defendants' statement below in this Joint Report that Plaintiffs allege and / or seek "damages" in this case is a blatant misstatement apparently fabricated to support their tenuous theory that this Court lacks jurisdiction over the action.

This action was filed by eleven named plaintiffs under Fed. R. Civ. P. 23 as a class action. (Doc. # 1)  On April 2, 2007, an Amended Complaint was filed which, *inter alia*, named a twelfth plaintiff.  (Doc. # 26).  As the Amended Complaint states, class certification generally is sought for the class of American Indian and Alaska Native Tribes which have or which have had trust accounts or funds that are or were administered by Defendants; which have not received full and complete accountings of their trust accounts or funds; and, which do not have other actions pending seeking full and complete accountings of their trust accounts and funds.  First Amended Complaint at ¶ 59.

Notwithstanding the issue of class certification, to allow for the orderly and timely resolution of the claims in this case, Plaintiffs propose that the litigation be divided into three phases:

1)  judicial declaration of the existence and scope of Defendants' fiduciary duties to provide full and complete accountings to Plaintiffs as well as judicial declaration of whether Defendants have complied with or whether they are in breach of these fiduciary duties;

2)  the provision of judicially-declared full and complete accountings by Defendants to Plaintiffs, or the provision of judicially-declared appropriate accounting alternatives; and

3)  judicially-determined correction of Plaintiffs' account / fund balances and judicial determination of other equitable remedies to which Plaintiffs are entitled.

As set forth in more detail below and in Plaintiffs' proposed Case Management Order (CMO)

submitted herewith this Joint Report, Plaintiffs at this time contemplate minimal, if any, discovery

on class certification issues, a brief period of discovery followed by summary judgment motions on

Phase I issues (accounting duties and compliance therewith or breach thereof); additional factual and

expert witness discovery, motions, and a trial or mini-trial as needed on Phase II issues (provision

of accountings or alternatives to accountings); and, additional factual and expert witness discovery,

motions, and a trial or mini-trial as needed on Phase III issues (correction of accounts and other

remedies).

Defendants' Position:

In this case, Plaintiffs seek "declaratory and injunctive relief and [] judicial review of

final administrative agency action regarding accountings of [tribal trust] funds . . . ." *See* Docket

No. (Doc. #) 1, Complaint, ¶ 1.  Plaintiffs allege, *inter alia*, that their damages arise "out of

Defendants' continuing breaches of inherent and statutory fiduciary accounting and management

duties owed to Plaintiffs, including, but not limited to: the duty to provide full and complete

accountings of Plaintiffs' trust funds and the duty to correct trust fund accounts improperly

accounted for and/or improperly managed and make those accounts whole." *Id.*; *see also id.* at ¶

6 ("Defendants never have complied with these inherent fiduciary and statutory mandates.").

Defendants do not concede that the Court has jurisdiction to hear any of the issues,

claims, and request for relief raised by Plaintiffs herein, including Plaintiffs' request for

restatement of its account balances.

Plaintiffs' case management proposal ignores that "under the [Administrative Procedure

Act ("APA")], courts may only review specific agency action or unreasonable delay by an

agency." *Cobell v. Kempthorne*, 455 F.3d 301, 305 (D.C. Cir. 2006) (citing *Cobell v. Norton* (*Cobell XIII*), 392 F.3d 461, 472 (D.C. Cir 2004)). Unless and until Plaintiffs conform their claims and the legal controversy that they have submitted for resolution in this case to the requirements of the APA, Plaintiffs have failed to comply with the terms of the sovereign immunity waiver found in the APA, and their claims are beyond the Court's jurisdiction.  To the extent that it alleges a claim and seeks relief outside of the confines of the APA, the Complaint must be dismissed.

In recently addressing a case raising similar claims, the Court of Appeals for the D.C. Circuit has noted that "because we are addressing the operations of an executive agency, we are also bound by the rules of administrative law . . . . Thus, we looked to the APA to find a waiver of sovereign immunity, allowing the class members to seek nonmonetary relief against the government.  Similarly, we applied APA standards in determining whether Interior had unreasonably delayed the performance of its duties, thereby subjecting itself to judicial review. Such analysis was necessary because our jurisdiction is limited to addressing specific agency action or inaction."  *Cobell v. Kempthorne*, 455 F.3d 301, 307 (D.C. Cir. 2006) (internal quotes omitted).

If Defendants' arguments as to how Plaintiffs' claim exceeds this Court's limited jurisdiction are even partly correct, then Plaintiffs' proposal for case management is fatally flawed because it would result in the Court's exercise of jurisdiction already deemed unavailable in the related case of *Cobell v. Kempthorne*.  See *Cobell XX*, ___F. Supp. 2d ___, 2008 WL 253035, at 50 (stating that "the existence of APA jurisdiction cannot be taken for granted.") and at 64 (recognizing that the Court's jurisdiction was more limited than that of an equity court over

a negligent trustee.)    Plaintiffs' proposal for case management is also flawed because their plan

for discovery appears to contemplate discovery of materials related to issues that are beyond this

Court's jurisdiction, including requests for information and reports that have not been properly

presented in the first instance to the Interior Defendants as required by 25 C.F.R. Parts 2 and

150.

        In Defendants' view, the parties' jurisdictional dispute requires resolution as soon as

practicable because Plaintiffs fail to state a claim within this Court's jurisdiction under the APA.

Unless and until Plaintiffs conforms its claim for an accounting to the requirements of the APA,

Plaintiffs' proposed revised case management order is beyond the Court's jurisdiction.  To the

extent it is needed, Defendants request the opportunity to brief fully their view regarding the

APA standards, limitations, and procedures that should govern this case.

        In addition, Plaintiffs' claim for an equitable accounting should be dismissed on other

jurisdictional grounds, such as the requirement to exhaust administrative remedies prior to

litigation and the bar posed by the Indian Claims Commission Act.  Defendants also request the

opportunity to brief the issues related to Defendants' position that the remedies requested by

Plaintiffs are not within the Court's jurisdiction to grant.

**III.        Pre-Discovery Disclosures**

Plaintiffs' Position:

        In Plaintiffs' view, the initial disclosures under Fed. R. Civ. P. 26(a)(1) and LCvR

16.3(a)(2) are required in this action.  There are no applicable exemptions under Fed. R. Civ. P.

26(a)(1)(E) or LCvR 16.3(b).  During the Meet and Confer Conference, Defendants' Counsel

indicated that they are of the view that this action is exempt from the initial disclosures under

Fed. R. Civ. P. 26(a)(1)(E)(i) and LCvR 16.3(b)(1) on the ground that it is an action for review

on an administrative record.  During the Meet and Confer Conference, Plaintiffs' counsel stated

their disagreement with Defendants' counsel's view that this action is exempt from the initial

disclosures.

The pre-discovery disclosures exempted case issue is an issue that requires the Court's

immediate resolution, and Plaintiffs respectfully ask that this Court decide the issue in their favor

based on the pleadings and record [NOTE: The parties have not submitted anything on the

record] before the Court in this case.  *See* Plaintiffs' Proposed CMO and Phase I Scheduling

Order at ¶3, attached hereto as Exhibit 1.  Plaintiffs further respectfully request this Court to

order that all pre-discovery disclosures be made within 14 days of that ruling.  *Id.*

Plaintiffs are aware that the exempted cases issue has been raised in other tribal trust

claim cases pending before this Court, *e.g., Ak-Chin Indian Community v. Kempthorne,* No. 06-

2245; *Tohono O'Odham Nation v. Kempthorne,* No. 06-2236.  Plaintiffs are unaware, however,

of any decision on this issue in other cases or whether any scheduling has been established by

the Court in these other cases for resolution of the issue.

Finally, to the extent that a decision on this issue or schedule for resolution of the issue

has been established in any other case before this Court, Plaintiffs respectfully request to be

provided with that decision or such scheduling information.  With such a decision or such

information, Plaintiffs can better assess whether, when, and how the issue will be decided in the

present action.  To the extent that a decision on the issue has not been made or a schedule for

resolution of the issue has not been established in any other case before this Court, and should

this Court determine that it needs further briefing or information from the parties in this case on

this issue, Plaintiffs' propose that the parties submit a briefing schedule on the matter to this Court that, *inter alia,* requires Defendants' Opening Brief to be filed within 30 days after receipt by the Court of this Joint Report or within 30 days of any Scheduling Conference in this case held under LCvR 16.4 following receipt of this Joint Report, whichever is later.

Defendants' Position:

Judicial review under the APA does not commonly permit admission of new evidence to supplement the administrative record supplied by the defendant federal agency or official, and discovery in a case brought under the APA is an exception rather than the rule. Thus, if Plaintiffs' claim for an accounting is brought under the generic APA cause of action, then Fed. R. Civ. P. 26(a)(1)(E)(i) exempts this case from initial disclosures under Rule 26(a)(1).

Defendants maintain that this Joint Report under RCFC 26(f) and LCvR 16.3 is not the appropriate vehicle in which to develop fully the parties' respective legal arguments on this issue. Nevertheless, Defendants note, in summary form herein, that the issues of whether disclosures are necessary and whether open discovery as to the merits of Plaintiffs claims should be allowed are intertwined with the question of the Court's jurisdiction, and that, as a matter of course, the jurisdictional question has to be addressed first. *See*, *e.g.*, *Steel Company v Citizens for A Better Environment*, 523 U.S. 83 (1998). A decision on whether Plaintiffs have an equitable cause of action and claim, and the contours of that cause of action and claim (if there be one), may well also resolve the issue of the nature of any disclosures due. Therefore, the Court should defer resolving this question until all jurisdictional issues have been resolved, which Defendants see as best addressed through dispositive motions practice. Accordingly,

Defendants reserve the right to present the Court with their fully developed arguments on these issues.

IV.     **Discovery Plan**

Plaintiffs' Position:

Plaintiffs are of the view that, now that the Meet and Confer Conference has been held, any and all discovery in this action should commence immediately pursuant to Fed. R. Civ. P. 26(d), and should go forward without any stay or delay, including discovery on class certification issues and discovery on the merits of claims and defenses. Plaintiffs will oppose any request by Defendants for a stay or delay of discovery in this case.

Consistent with their proposed CMO submitted herewith, Plaintiffs do not contemplate the need for any discovery prior to the filing of their Motion for Class Certification, but may request discovery on class certification issues depending on Defendants' response to their class certification motion.

Also consistent with their proposed CMO, Plaintiffs contemplate a period of no more than six months for factual and expert witness discovery on Phase I issues (judicial declaration of the existence and scope of Defendants' fiduciary accounting duties and compliance therewith or breach thereof). Such discovery would be used to support motions for summary judgment on Phase I issues.

Following the completion and in accordance with the outcomes of Phase I issues, the parties would be required to submit a scheduling order regarding Phase II issues (provision of accountings or alternatives to accountings). The Phase II schedule would allow sufficient

time for factual and expert witness discovery on Phase II issues as well as pre-trial motion, hearing, and trial dates.

Following the completion and in accordance with the outcomes of Phase II issues, the parties would be required to submit a scheduling order regarding Phase III issues (correction of accounts and other remedies). The Phase III schedule would allow sufficient time for factual and expert witness discovery on Phase III issues as well as pre-trial motion, hearing, and trial dates.

Plaintiffs anticipate serving discovery requests pursuant to Fed. R. Civ. P. 34 regarding, *inter alia,* electronically stored information, and Plaintiffs anticipate that Defendants may raise objections regarding such discovery requests by Plaintiffs. Plaintiffs anticipate that such requests and objections in due time will either be addressed by negotiation and stipulation between the parties or resolved by the Court pursuant to Fed. R. Civ. P. 26(b)(2). Plaintiffs likewise anticipate that Defendants may raise claims of privilege or of protection as trial preparation material asserted after production and Plaintiffs anticipate that these claims in due time will either be addressed by negotiation and stipulation between the parties or resolved by the Court. In particular, Plaintiffs anticipate the timely negotiation and stipulation between the parties of a protective order that will address the parties' concerns regarding unwarranted disclosure of confidential or privacy-protected information to non-parties.

Because of the nature and scope of their claims, Plaintiffs anticipate that they will ask this Court to alter the presumptive limits on written and oral discovery as permitted by Fed. R. Civ. P. 26(b)(2). Plaintiffs anticipate that Defendants will object to Plaintiffs requested

alterations, and Plaintiffs anticipate that such requests and objections in due time will either be addressed by negotiation and stipulation between the parties or resolved by the Court.

Defendants' Position:

As noted previously, no discovery is appropriate in this case, until and unless the Court has determined the extent of its jurisdiction (if any) over Plaintiffs' claim for an equitable accounting. The Court should stay any discovery in this case until the jurisdictional issues have been resolved.

Nonetheless, to the extent that the Court deems it appropriate to allow discovery herein, the Court should bifurcate discovery pertaining to the class certification issue and discovery that goes to the merits of the case. Defendants address class discovery more fully in Section V below.

Should the case reach the merits stage, after resolution of the jurisdictional and class certification questions, Defendants object to paragraph 4 of Plaintiffs' proposed order, which mandates in part that "[a]ll Phase I fact discovery shall be completed within 90 days of Defendants' required disclosures made pursuant to Paragraph 3 of this Order." Many potentially relevant documents are located at the American Indian Records Repository ("AIRR") in Lenexa, Kansas, as well as in other locations, and are likely to be exceptionally voluminous and time-consuming to identify and produce. Defendants also contemplate propounding discovery requests to Plaintiffs on relevant issues, such as its own records of its involvement in trust funds and property management. Based on Defendants' experience in other Tribal trust accounting and trust mismanagement cases, depending on the documents requested by Plaintiffs, the 90 day time period proposed by Plaintiffs is insufficient to complete this document inspection and

production process.  Instead, Defendants propose that any fact discovery (including expert discovery) should be completed by the parties within 360 days after the date of the Court's rulings on the motion to dismiss.

Further, Plaintiffs' proposal regarding the time allowed for expert disclosures, and any additional discovery following those disclosures, is not feasible and should not be adopted.  The proposal does not sufficiently account for the complexity of the issues and claims herein.  If such extra-record expert discovery were allowed, Defendants propose that the Plaintiffs' expert disclosures, if any, be due 240 days after the date of the Court's rulings on the motion to dismiss. Defendants' expert disclosures, if any, would be due 330 days after the date of the Court's ruling on the motion to dismiss.

## V.    <u>Other Items</u>

**Local Rule 16.3(c)(1)**

<u>Plaintiffs' Position:</u>

Plaintiffs anticipate that Defendants will move to dismiss some or all of Plaintiffs' claims on the basis of the Affirmative Defenses that they have raised in their Answer filed May 11, 2007 (Doc. # 28).  Plaintiffs,  however, do not believe that all or even some of their claims are likely to be disposed of on the bases of these Affirmative Defenses.  In any event, Plaintiffs will oppose any request by Defendants for a stay or delay of class certification proceedings and / or discovery on the merits of Plaintiffs' claims pending the resolution of any motions to dismiss.

<u>Defendants' Position:</u>

As stated above, Defendants intend to file a dispositive motion asking the Court to dismiss Plaintiffs' complaint for lack of jurisdiction.  Defendants propose that they file their

motion to dismiss 60 days from the date of the Court's entry of the Case Management Order. Plaintiffs shall file their opposition or response 28 days thereafter and Defendants shall file their reply to Plaintiffs' opposition or response within 21 days from the date of Plaintiffs' filing. As stated elsewhere in this report, all discovery should await a decision on the motion.

Any dispositive motion on any remaining issues shall be filed within 90 days after the close of merits discovery.

**Local Rule 16.3(c)(2)**

Plaintiffs' Position:

Plaintiffs filed a First Amended Complaint in this action on April 2, 2007 (Doc. # 26), and at this time they do not anticipate further amended pleadings in this case. Regarding joinder of parties, Plaintiffs anticipate that joinder will be unnecessary unless class certification is denied. If class certification is denied, the parties should thereafter within a reasonable time be required to submit a proposed schedule to address joinder issues.

In Plaintiffs' view, any determination of whether some or all of the factual or legal issues can be agreed upon or narrowed in this action likely will best be made following class certification resolution, discovery, and pre-trial motions. Plaintiffs are agreeable to revisiting this issue with Defendants at least following the completion of these various stages of the proceedings and reporting jointly to the Court on this matter.

Defendants' Position:

At present, Defendants do not plan to join other parties or to amend their Answer. Further, Defendants do not believe that the parties are in a position at this time to stipulate to any factual or legal issues.

**Local Rules 16.3(c)(3), (4), and (5)**

Plaintiffs' Position:

   At this time Plaintiffs are of the view that this case would not benefit from assignment to a magistrate judge or from the Court's alternative dispute resolution procedures. Regarding settlement of the claims in this case, Plaintiffs welcome any opportunity to engage in meaningful settlement discussions with Defendants. At least unless and until such settlement discussions actually occur, however, Plaintiffs will oppose any effort by Defendants to stay or delay litigation of the issues in this case solely on the ground that, in Defendants' view, they cannot engage in meaningful settlement discussions while the case is being litigated. Indeed, Plaintiffs are of the view that any realistic possibility of settling this case will be enhanced only by further proceedings in this Court.

   Defendants' Position:

   Defendants do not believe that this case should be assigned to a magistrate judge for all purposes, including trial. Defendants do not see the need for a trial in the case, given that it is subject to the APA. Defendants believe that the case could benefit from the Court's ADR procedures or some form of ADR. At this time, Defendants are unable to determine Plaintiffs' level of interest in undertaking an ADR process in the case. Accordingly, Defendants are unable to state what related steps should be taken to facilitate such ADR.

**Local Rule 16.3(c)(6)**

Plaintiffs' Position:

   Plaintiffs anticipate that the Phase I issues (accounting duties and compliance therewith or breaches thereof) likely will be resolved primarily, if not wholly, by summary judgment

motions.  As set forth in Plaintiffs' proposed CMO, Phase I summary judgment motions should be filed within 45 days of the conclusion of Phase I discovery.  In the event that any issues of material fact are determined to exist such as to preclude summary judgment on any or all Phase I issues, the parties should be required to propose a schedule for resolving such factual issues through a trial or mini-trial before this Court.

At this time Plaintiffs are of the view that it is unlikely that Phase II (provision of accountings or alternatives) and III (accounts correction and other remedies) issues can be disposed of by summary judgment motions or dispositive motions.   Plaintiffs, however, are agreeable to having the parties revisit this matter  following the completion and in accordance with the outcomes of Phases I and II issues, at which time the parties likely will be in a better position to determine and report to the Court whether any or all of the subsequent Phase issues can be resolved by summary judgment or dispositive motions.

Defendants' Position:

Defendants believe that, in concept, this case can be resolved by summary judgment motion.  However, Defendants also believe that it is premature to propose dates for such briefings or for rulings unless and until Plaintiffs conform their claims and the legal controversy that they have submitted for resolution in this case to the requirements of the APA.  Defendants request the opportunity to brief fully their view regarding the APA standards, limitations, and procedures that should govern this case.  Upon resolution of this issue, should Plaintiffs wish to proceed further with the litigation before this Court, the parties would propose a schedule for briefing of dispositive motions.

**Local Rule 16.3(c)(7)**

<u>Plaintiff' Position:</u>

The parties have not stipulated to dispense with the initial disclosures under Fed. R. Civ. P. 26(a)(1) and Plaintiffs would not favor doing so.  Plaintiffs' view that the disclosures are required in this case and Plaintiffs' disagreement with Defendants' asserted exemption from disclosure are set forth more fully above in Part III of this Joint Report.  Plaintiffs respectfully urge this Court to decide this issue immediately in their favor and to order that the disclosures be made within 14 days of that ruling.

<u>Defendants' Position:</u>

Plaintiffs claims are subject to the APA. Under applicable case law, the Court's review of a final agency action is generally based on and limited to the administrative record supporting that agency action.  Accordingly, extra-record discovery and consideration of extra-record evidence is improper and inappropriate, except in very limited circumstances.  Accordingly, the Court should dispense with the initial disclosures, expert witness disclosures, and formal discovery.

Notwithstanding the foregoing, however, Defendants are willing to engage in the informal exchange with and production to Plaintiffs of certain relevant or potentially relevant documents and data relating to the named Plaintiffs.  These documents and data include but are not limited to the results of: (a) Interior's Tribal trust fund account reconciliation project (which was conducted pursuant to the 1994 American Indian Trust Management Reform Act, 25 U.S.C. § 4014, and prepared by Interior's contractor Arthur Andersen, LLP); (b) statements of performance; and (c) Summary and Detail of Trust Funds Reports.  Defendants are willing to

engage in such informal document and data exchanges and productions so as to enhance the possibility of settlement or ADR discussions herein.

**Local Rule 16.3(c)(8)**

Plaintiffs' Position:

As set forth in Plaintiffs' proposed CMO, defined periods of discovery would occur at the beginning of each of the three Phases of this litigation unless the parties agree (or the Court orders) otherwise. Phase I discovery would be required to be completed within 180 days of the entry of the CMO. Following the conclusions of Phases I and II, the parties would be required to submit schedules regarding discovery for Phases II and III within 30 days respectively.

As reported above in Part IV, Plaintiffs do not anticipate any discovery before filing their Motion for Class Certification, but they may request discovery on class certification issues depending on Defendants' response to their class certification motion.

Also as reported above in Part IV, Plaintiffs support the parties' timely negotiation and stipulation of a protective order to address any concerns regarding unwarranted disclosure of confidential or privacy protected information to non-parties. Finally, as reported above in Part IV, given the nature and scope of their claims, Plaintiffs anticipate that they will ask this Court to alter the presumptive limits on written and oral discovery.

Defendants' Position:

This case is subject to the provisions of the APA. Therefore, judicial review in the case is generally limited to the agency's administrative record, and discovery is generally prohibited.

Defendants maintain that, after the submission by Interior of an administrative record to Plaintiffs, there is also no need or basis for merits discovery in the case.  At that point, any judicial review of Interior's accounting and account balance determination in this Court would generally be confined to the administrative record for that accounting and determination, and extra-record discovery is generally impermissible, except in limited circumstances.

Defendants believe that, at a minimum, a protective order will be necessary to enable Defendants to produce, formally or informally, to Plaintiffs certain documents and data that contain confidential information (e.g., protected by the Privacy Act).

To the extent that the Court deems merits discovery to be appropriate and permissible herein, Defendants maintain that Plaintiffs' proposal does not allow sufficient time to conduct discovery. Potentially relevant documents are located at the American Indian Records Repository ("AIRR") and may be located in hundreds, if not thousands, of boxes.  In order for Defendants to respond to Plaintiffs' document production requests, the parties would have to identify the boxes that might contain responsive documents; the Solicitor's Office would have to conduct a pre-inspection privilege review of those boxes; Plaintiffs would have to inspect the boxes and identify those documents it wishes to have produced; and Defendants would have to image, code, and conduct a post-inspection confidentiality and privilege review, before producing the images of the requested documents to Plaintiffs.

Based on Defendants' experience in other Tribal trust accounting and trust mismanagement cases, depending on the documents requested by Plaintiffs, the 180 days proposed by Plaintiffs for Phase I would likely not be sufficient to complete this production process.  Until Plaintiffs propounds document requests, Defendants are unable to provide a fully

accurate estimate as to the amount of time that the Court should allow to complete document productions.

**Local Rule 16.3(c)(9)**

<u>Plaintiffs' Position</u>:

As set forth in Plaintiffs' proposed CMO, after a total of 120 days of fact discovery dating from the entry of the CMO governing Phase I issues, Plaintiffs would make their expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2). Defendants in turn would have 30 days from the date of Plaintiffs' expert witness disclosures within which to submit their expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2). The parties thereafter would have an additional 30 days within which to complete discovery concerning such disclosures, including any depositions of the expert witnesses.

Following the conclusion of Phases I and II, the parties would be required to submit schedules regarding any expert witness reports, information, and discovery for Phases II and III within 30 days respectively.

<u>Defendants' Position</u>:

As stated previously, this case is brought pursuant to the provisions of the APA, the case law on which provides that judicial review is generally limited to the agency's administrative record, and expert witness reports, information, and depositions, especially if they are extra-record and post-decisional, are generally prohibited. Defendants also intend to move for dismissal of both counts of Plaintiffs' complaint on jurisdictional grounds, and no merits discovery is necessary or appropriate prior to the Court's ruling on Defendants' motion.

Nonetheless, to the extent that the Court deems that the exchange of expert witness reports and information is appropriate, Defendants object to Plaintiffs' proposal regarding the time allowed for expert disclosures and any additional merits discovery following those disclosures as being too short, especially given the complexity of the issues and claims herein. Instead, if extra-record expert discovery were to proceed herein, Defendants propose that the Court establish a 360 day discovery period commencing on the date of the Court's decision on the aforementioned motion to dismiss. Within that discovery period, Plaintiffs' expert disclosures, if any, should be produced on or before 240 days after the date of the Court's rulings on the motion to dismiss. Defendants' expert disclosures, if any, would be due 330 days after the date of the Court's ruling on the motion to dismiss. Depositions of experts should occur within the discovery period.

**Local Rule 16.3(c)(10)**

Plaintiffs' Position:

As reported above in Part IV, Plaintiffs do not anticipate any discovery before filing their Motion for Class Certification. Plaintiffs may, however, seek discovery from Defendants on class certification issues depending on Defendants' response to their class certification motion. Similarly, at this time Plaintiffs do not anticipate the need for an evidentiary hearing on their class certification motion, but this view could change depending on Defendants' class certification motion response.

As set forth in the CMO, Plaintiffs propose that their class certification motion be filed within 60 days of the CMO's entry in this action. Defendants shall have 60 days within which to respond to class certification. Plaintiffs shall have 30 days to reply to Defendants'

response.  Following the conclusion of briefing on class certification, Plaintiffs respectfully

request oral argument on their class certification motion.

Defendants' Position:

Defendants propose that class certification issues be addressed after resolution of

defendants' motion to dismiss for lack of jurisdiction.  If and when the Court needs to address

class certification, Defendants respectfully request 90 days to take discovery of the twelve

named Plaintiffs to commence after filing of Plaintiffs' motion for class certification.  Thereafter,

Defendants propose to have 90 days after completion of pre-certification discovery within which

to respond to the motion for class certification, and Plaintiffs shall have 30 days to reply to

Defendants' response.   Furthermore, Defendants understand that Plaintiffs intend to submit an

expert report with their opening class certification motion, and Defendants requests an

opportunity to respond to Plaintiffs' expert report.   Following the conclusion of briefing on class

certification, Defendants respectfully request an evidentiary hearing on Plaintiffs' class

certification motion.

Defendants believe that at least 90 days is needed for pre-certification discovery to

evaluate whether Plaintiffs' claims are typical of the class, whether they are adequate class

representatives and possibly whether there are common questions of law or fact.  Specifically,

Defendants anticipate taking discovery of the representative Plaintiffs tribes, including but not

limited to:  (i) interrogatories, document requests and possibly depositions to discover

communications between members of the proposed class regarding trust accounting; and (ii)

contention interrogatories designed to discover the nature and origins of each tribe's trust.

Defendants respectfully request 90 days to respond to the motion for class certification to allow adequate time to gather information and documents within their control, and to review the results of Defendants' pre-certification discovery efforts. The twelve representative Plaintiffs reside in nine different states. Trust documents that may be critical to class certification issues of commonality and typicality are located in numerous archives throughout the country due to the historically regional structure of the trust agencies.

**Local Rule 16.3(c)(11)**

<u>Plaintiffs' Position</u>:

As stated above in this Joint Report and in Plaintiffs' proposed CMO, notwithstanding the issue of class certification, this litigation should be conducted in three Phases with defined discovery periods, and motions and / or trials or mini-trials in each Phase unless the parties agree otherwise.

<u>Defendants' Position</u>:

Given that this case has been brought under the APA, there should be no trial or discovery herein. Hence, there is no need for trial or discovery bifurcation or management in phases. To the extent that this Court disagrees, however, it should bifurcate the case into distinct liability and remedy phases. In Phase I, Plaintiffs should be required to present all their claims and arguments in support of their claimed breach of trust with regard to Defendants' alleged duty to account. In Phase II, in the event further proceedings are necessary, the Court and the parties can address separately the question of the appropriate remedy, if any, for any adjudicated breach by Defendants of their alleged legal duties.

**Local Rules 16.3(c)(12) and (13)**

<u>Plaintiffs' Position</u>:

Plaintiffs are of the view that while pre-trial conferences and trials are needed in this action, it is premature to set dates for either a pre-trial conference or any trials in this action at this time. Once class certification has been resolved and Phase I issues are proceeding, the parties should revisit this matter and report to the Court accordingly. Pre-trial conferences and trials regarding Phases II and III will be dealt with in due time as those Phases proceed.

<u>Defendants' Position</u>:

There is no need for a pretrial conference, trial or evidentiary hearing in a case to be resolved by dispositive motions, as required by the APA. Nonetheless, to the extent that this Court divides the litigation into a liability phase, the Court should set the dates for any pretrial conference and trial within the later of either 91 days after the close of discovery (if no dispositive motions are filed) or within 30 days of the Court's decision on any dispositive motions filed after the close of discovery.

**Local Rule 16.3(d)(14)**

**(A)      Records Retention / Documents Preservation**

<u>Plaintiffs' Position</u>:

Plaintiffs are of the view that a Records Retention / Documents Preservation Order is critical in this breach of trust action. Plaintiffs anticipate that Defendants will oppose any Motion by Plaintiffs for a Records Retention / Documents Preservation Order.

Plaintiffs are aware that the issue of Records Retention / Documents Preservation Orders has been raised in other tribal trust claims cases pending before this Court, *e.g., Ak-Chin Indian Community v. Kempthorne,* No. 06-2245; *Tohono O'Odham Nation v. Kempthorne,* No.

06-2236. At this time, Plaintiffs, in an effort to conserve the resources of the parties and the Court and in the interests of efficiency given the fact that there are common Defendants, anticipate agreeing to consolidation for purposes of such motions with other tribal trust claim cases in which Plaintiffs understand Motions for Records Retention / Documents Preservation will be filed, similar to the case consolidation that occurred with respect to Defendants' administrative remand motions last year. *See* Plaintiff's Revised Proposed Case Management and Phase One Scheduling Order ¶ 5, Attached as Exhibit 1 to Plaintiff's Status Report filed January 18, 2008 in *Ak-Chin Indian Community v. Kempthorne,* No. 06-2245 (Doc. # 27) ("Plaintiff proposes the entry of a single form of Document Preservation Order for use in this case and some or all of the other tribal trust cases pending before the Court [and] the parties' briefing of the document preservation issue shall also address the question whether the Court should exercise its discretion to consolidate all 37 of the pending tribal accounting claims for purposes of this issue.").

 Defendants' Position:

 Defendants believe that the only matter appropriate for inclusion in a scheduling order at this time is the briefing and ruling on the issue of whether this case is subject to the provisions of the APA, as well as the briefing and ruling on any dispositive motions. Because this case is limited to a review of the administrative record, the only documents that should be subject to any retention order, should the Court decide one is appropriate, are the documents that comprise the administrative records.

 *(1) Document Preservation.* Defendants anticipate vigorously opposing any document preservation order, and propose that such briefing occur in accordance with generally applicable

rules of civil procedure.  Plaintiffs have not and cannot demonstrate the good cause necessary to justify any such order in this case.  Plaintiffs' motion would also plainly implicate the jurisdictional issues discussed above.  Accordingly, resolution of any document preservation motion should be coordinated with resolution of the Defendants' jurisdictional motion.

*(2) Protective Order of Confidentiality.*  Defendants agree that a protective order of confidentiality will be necessary in the event discovery proceeds.   If the Court orders discovery to proceed, Defendants plan to propose a form of protective order to Plaintiffs for their consideration in advance of making any production of documents containing confidential records protected from public disclosure.  If the parties cannot reach agreement on the form of an order, Defendants will timely move for entry of a protective order in accordance with Rule 26 and other applicable rules.

**(B)     Settlement Discussions and Materials Confidentiality and Protective Orders**

Plaintiffs' Position:

Plaintiffs are of the view that Confidentiality and Protective Orders regarding Settlement Discussions and Settlement Materials are appropriate and necessary to protect the parties' interests in the event that meaningful settlement discussions in this action occur. Accordingly, Plaintiffs propose that such Confidentiality and Protective Orders be negotiated and stipulated to by the parties within a reasonable time following the filing of this Joint Report.

Defendants' Position:

As noted earlier, Defendants agree that timely negotiation and stipulation between the parties of a protective order will address the parties' concerns regarding unwarranted disclosure of confidential or privacy-protected information to non-parties.

**( C)    Status Conference**

Plaintiffs' Position:

Pursuant to LCvR 16.4, Plaintiffs respectfully request that the Court conduct an in-person scheduling conference to discuss matters raised in this Joint Report and the proposed CMOs.  In an effort to assist the Court with scheduling such an in-person conference, lead Counsel of Record for Plaintiffs, Melody McCoy submits that she will be in Washington DC from April 8-14, 2008 on matters in other cases, and will be available for a scheduling conference in this case on April 9, 11, or 15, 2008.  Ms. McCoy, however, further submits that she would be available before April 8, 2008 should the Court wish to conduct an in-person scheduling conference in this case before that date.

Defendants' Position:

Defendants also request that the Court conduct an in-person scheduling conference to discuss matters raised in this Joint Report and the proposed CMOs. [AVAILABILITY?]

DATED this 6th day of March, 2008

Respectfully submitted,

/s/    Melody L. McCoy
MELODY L. MCCOY,
        USDC Bar. No. CO0043
DONALD R. WHARTON
DAVID L. GOVER
DAWN S. BAUM
MARK C. TILDEN
JOHN E. ECHOHAWK
WALTER R. ECHO-HAWK, JR.
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel (303) 447-8760
Fax (303) 443-7776
E-mail mmccoy@narf.org

Attorneys for Plaintiffs

/s/ Maureen Rudolph
MAUREEN RUDOLPH
E. KENNETH STEGEBY
ANTHONY P. HOANG
U.S. Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, DC 20044-0663
Tel (202) 616-4119
Tel (202) 305-0241
Tel (202) 305-0479
Fax (202) 353-2021

JOHN H. MARTIN
U.S. Department of Justice
Natural Resources Section
1961 Stout St., Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
Tel: (303) 844-1383
Fax (303) 844-1350

Attorneys for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
THOMAS BARTMAN
MICHAEL A. BIANCO
Office of the Solicitor
U.S. Department of the Interior
Washington, DC 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
U.S. Department of the Treasury
Washington, DC 20227

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE NEZ PERCE TRIBE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06cv02239-JR |
| | ) | |
| v. | ) | |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, *et al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' [PROPOSED] CASE MANAGEMENT AND
PHASE ONE SCHEDULING ORDER**

Upon review of the information contained in the Parties' Joint Report Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, and following an in-person scheduling conference conducted on such matters on _____, 2008, it is hereby ORDERED as follows:

1. <u>Class Certification</u>:  Plaintiffs shall file their motion for class certification within 60 days of the entry of this Order.  Defendants shall have 60 days from the date of the filing of the class certification motion within which to respond.  Plaintiffs shall have 30 days from the date of the filing of Defendants' response to reply.  Within 30 days of the conclusion of briefing on class certification, the Court will hear oral argument on Plaintiffs' class certification motion.

2. <u>Bifurcation</u>:  Notwithstanding any issue of class certification, this action will be divided into three phases:

Phase I will consist of a judicial declaration of the existence and scope of Defendants'

1

fiduciary duties to provide full and complete accountings to Plaintiffs as well as judicial declaration of whether Defendants have complied with or whether they are in breach of these fiduciary duties. The parties shall file summary judgment motions on Phase I issues no later than 45 days after the conclusion of Phase I discovery.  In the event that issues of material fact remain regarding Phase I issues, a pretrial conference will be held and a trial will be scheduled to start no later than January 2009.

Should the Court rule in favor of Plaintiffs on Phase I issues, Phase II will address the provision of judicially-declared full and complete accountings by Defendants to Plaintiffs, or the provision of judicially-declared appropriate accounting alternatives.  Within 30 days of the completion of Phase I, the parties shall submit to the Court a proposed scheduling order for Phase II proceedings.  It is anticipated that Phase II proceedings will entail additional factual and expert witness discovery, pre-trial motions, and a trial or mini-trial.

Phase III will consist of a  judicially-determined correction of Plaintiffs' account / fund balances and judicial determination of other equitable remedies to which Plaintiffs are entitled. Within 30 days of the completion of Phase II, the parties shall submit to the Court a proposed scheduling order for Phase III proceedings.  It is anticipated that Phase III proceedings will entail additional factual and expert witness discovery, pre-trial motions, and a trial or mini-trial.

3. Disclosures: The Court holds that the initial disclosures under Fed. R. Civ. P. 26(a)(1) and LCvR 16.3(a)(2) are required in this action.  The Court overrules Defendants' objection that this case is exempt from initial disclosures on the ground that it is an action for review on an administrative record. The parties shall make their respective Rule 26(a)(1) disclosures within 14 days of the entry of this Order.

4. <u>Discovery</u>:  In light of the nature and scope of this action, the presumptive limits on written and oral discovery imposed by the Federal Rules of Civil Procedure do not apply.  Any discovery disputes that the parties are unable to resolve by means of stipulation shall be brought to the Court for resolution.

All Phase I fact discovery shall be completed within 90 days of Defendants' required disclosures made pursuant to Paragraph 3 of this Order.  Plaintiffs shall make their expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) by the close of Phase I fact discovery, and Defendants shall have 30 days from Plaintiffs' disclosures within which to submit their expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B).  The parties shall have an additional 30 days within which to compete Phase I discovery regarding such disclosures, including depositions of the parties' expert witnesses.

As noted in Paragraph 2, the parties shall have 30 days from the completion of Phase I proceedings to submit to the Court a proposed scheduling order for Phase II proceedings.  The Phase II scheduling order shall address defined time periods and dates for additional factual and expert witness discovery, pre-trial motions, and a trial or mini-trial.  Similarly, within 30 days of the completion of Phase II proceedings, the parties shall submit to the Court a proposed scheduling order for Phase III proceedings.  The Phase III scheduling order shall address defined time periods and dates for additional factual and expert witness discovery, pre-trial motions, and a trial or mini-trial.

5. <u>Dispositive Motions</u>: All dispositive motions shall be filed within 45 days of the conclusion of Phase I discovery.  Parties will be given 30 days to respond to such motions, and the movant thereafter allowed 15 days in which to submit a reply.

6. <u>Protective Orders</u>: The parties are directed to confer regarding the provisions of a

protective order that will address their concerns regarding unwarranted disclosure of confidential or privacy-protected information to non-parties. Within 15 days after the entry of this Order, the parties shall advise the Court whether they have reached agreement with respect to the terms of such a Protective Order. At that time, with respect to any remaining differences, counsel shall advise the Court regarding how they propose the differences might be resolved appropriately without delaying disclosures or discovery required under this Order and the Federal Rules of Civil Procedure.

     7. <u>Documents Preservation</u>: Within 7 days of the filing of a Motion for a Documents Preservation Order in any pending tribal trust claims case before this Court, Plaintiffs shall advise the Court whether Plaintiffs join in such Motion or propose consolidation of this case for purposes of such Motion.

IT IS SO ORDERED this _____ day of _____, 2008

_____

Hon. James Robertson
UNITED STATES DISTRICT JUDGE

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE NEZ PERCE TRIBE, *et al.*,    )
    )
    )
    Plaintiffs,    )
    )    No. 06cv02239-JR
    )
    v.    )
    )
DIRK KEMPTHORNE,    )
Secretary of the Interior, *et al.,*    )
    )
    )
    Defendants.    )
_____)

**DEFENDANTS' [PROPOSED] CASE MANAGEMENT
AND SCHEDULING ORDER**

Upon review of the information contained in the Parties' Joint Report Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, and following an in-person scheduling conference conducted on such matters on _____, 2008, it is hereby ORDERED as follows:

1.    Defendants shall file their motion to dismiss within 60 days from entry of this Order. Plaintiffs shall file its opposition or response to Defendants' motion 28 days thereafter. Defendants shall file their reply to Plaintiff's opposition or response within 21 days of the filing of Plaintiff's response.

2.    Until further order of the Court deciding the motion to dismiss, this case shall proceed as one for judicial review of agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706. Therefore, the case is exempt from the requirement to make initial disclosures pursuant to Rule 26. Further, there shall be no discovery except by leave of the Court.

3.    In the event this case is not resolved by decision on Defendants' motion to dismiss,

1

this case shall be bifurcated into a liability phase (Phase I) and remedy phase (Phase II).  In Phase I, Plaintiffs shall present all their claims and arguments in support of their claimed breach(es) of trust with regard to Defendants' alleged duty to account.  The deadlines set below apply only to Phase I:

a.  Merits discovery (including expert discovery) shall commence on the date the Court issues an order deciding Defendants' motion to dismiss.  All merits discovery shall be completed by the parties within 360 days after the start of discovery.

b.  Initial disclosures as to any and all issues remaining after the Court's disposition of the motion to dismiss shall be exchanged by the parties 45 days after the Court's entry of an Order deciding the motion to dismiss.

c.  Plaintiffs' motion for class certification as to any and all issues remaining after the Court's disposition of the motion to dismiss shall be filed within 60 days of entry of the Court's Order on Defendants' motion to dismiss.  Defendants shall have 90 days to take pre-certification discovery of the twelve named Plaintiffs to commence after the filing of Plaintiffs' motion for class certification.  Defendants shall have 90 days after completion of pre-certification discovery within which to respond to Plaintiffs' motion for class certification, and Plaintiffs shall have 30 days to reply to Defendants' response.  If Plaintiffs submit an expert report with their opening class certification motion, Defendants shall be afforded an opportunity to respond to said expert report. The Court will hold an evidentiary hearing on Plaintiffs' class certification motion 30 days after the close of class certification briefing.

d.  Plaintiff shall make its expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) within 240 days after the commencement of merits discovery.  Defendants shall make their expert disclosures,

if any, within 330 days after the commencement of merits discovery.

 e.  Any dispositive motion shall be filed within 90 days after the close of merits discovery.

 f.  The Court will establish the dates for any pretrial conference and trial within the later of either 91 days after the close of merits discovery (if no dispositive motions are filed) or within 30 days of the Court's decision on any dispositive motions filed after the close of merits discovery.

 g.  Within 45 days after the entry of this Order, the parties shall confer regarding the provisions of a protective order that will address their concerns regarding unwarranted disclosure of confidential or privacy-protected information to non-parties.  To the extent the parties are unable to agree to such terms, the parties may seek the Court's assistance in resolving their differences.

 SO ORDERED.

_____
Hon. James Robertson
UNITED STATES DISTRICT JUDGE