IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al., | ) ) ) | Civil Action No. 02-0276 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al., | ) ) ) | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 04-1126 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2492 (JR) |
| Winnebago Tribe of Nebraska v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi Nation v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2496 (JR) |
| Cheyenne River Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the Goshute Reservation v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma v. | ) | Civil Action No. 06-2162 (JR) |

| | |
|---|---|
| Kempthorne, et al., ) | |
| ) | |
| Northwestern Band of Shoshone Indians v. ) | Civil Action No. 06-2163 (JR) |
| Kempthorne, et al., ) | |
| ) | |
| Red Cliff Band of Lake Superior Indians v. ) | Civil Action No. 06-2164 (JR) |
| Kempthorne, et al., ) | |
| ) | |
| Tohono O'Odham Nation v. ) | Civil Action No. 06-2236 (JR) |
| Kempthorne, et al., ) | |
| ) | |
| Nez Perce Tribe, et al., v. ) | Civil Action No. 06-2239 (JR) |
| Kempthorne, et al., ) | |
| ) | |
| Passamaquoddy Tribe of Maine v. ) | Civil Action No. 06-2240 (JR) |
| Kempthorne, et al., ) | |
| ) | |
| Salt River Pima-Maricopa Indian ) | Civil Action No. 06-2241 (JR) |
| Community v. Kempthorne, et al., ) | |
| ) | |
| Ak-Chin Indian Community v. ) | Civil Action No. 06-2245 (JR) |
| Kempthorne, et al., ) | |
| _____) | |

### DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO OPPOSE OR OTHERWISE RESPOND TO TRIBES' MOTIONS FOR ENTRY OF TRUST RECORD PRESERVATION ORDER, AND [PROPOSED] ORDER

Pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P. 6) and Local Civil Rule (LCvR 7), Defendants respectfully move for an enlargement of time, to and including July 14, 2008, within which to oppose or otherwise respond to the Tribes' motions for entry of trust record preservation orders in the above-captioned Tribal trust accounting and trust mismanagement cases. As explained below, Defendants' oppositions or responses are presently due May 15, 20, and 21, 2008. This motion is Defendants' first such motion.

The grounds for this motion are as follows:

1.   On April 29, 2008, the Tribes in Ak-Chin Indian Community v. Kempthorne (Ak-

- 2 -

Chin), No. 06-cv-02245-JR, Docket (Dkt.) No. 37; Passamaquoddy Tribe of Maine v. Kempthorne (Passamaquoddy), No. 06-cv-02240-JR, Dkt. 31; Salt River Pima-Maricopa Indian Community v. Kempthorne (Salt River), No. 06-cv-02241-JR, Dkt. 31; Tohono O'odham Nation v. Kempthorne (Tohono), No. 06-cv-02236, Dkt. 31, filed motions for trust record preservation orders.[1] The Tribes in these four cases are represented by the same counsel, and their April 29 filings—virtually identical—consist of a memorandum of points and authorities and 38 exhibits, which total 978 pages.

2.     By Defendants' calculation, under Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b), Defendants' oppositions or responses to the Ak-Chin, Passamaquoddy, Salt River, and Tohono motions for trust record preservation order are due May 15, 2008.

3.     On May 1, 2008 the 12 Tribes listed as plaintiffs in Nez Perce Tribe v. Kempthorne (Nez Perce), No. 06-2239 (JR), filed a motion for an order deeming the motions for trust records preservation orders that were filed in Ak-Chin, Passamaquoddy, Salt River, and Tohono to be filed in Nez Perce, and granting leave to join in those motions. Nez Perce, Dkt. 46. At a status

---

[1] The four Tribes stated in their papers that the following Tribes joined in their motions: Cheyenne River Sioux Tribe; Chippewa Cree of the Rocky Boy's Reservation; Confederated Tribes of Goshute Reservation; Crow Creek Sioux Tribe; Eastern Shawnee Tribe of Oklahoma; Iowa Tribe of Kansas and Nebraska; Lower Brule Sioux Tribe; Muscogee (Creek) Nation of Oklahoma; Nez Perce Tribe; Mescalero Apache Tribe; Tule River Indian Tribe; Hualapai Tribe; Yakama Nation; Klamath Tribes; Yurok Tribe; Cheyenne-Arapaho Tribe; Pawnee Nation of Oklahoma; Sac and Fox Nation; Tlingit & Haida Indian Tribes of Alaska; the Santee Sioux Tribe of Nebraska; Northwestern Band of Shoshone; Oglala Sioux Tribe; Omaha Tribe of Nebraska; Prairie Band of Potawatomi Nation; Red Cliff Band of Lake Superior Chippewa; Rosebud Sioux Tribe; Stillaguamish Tribe of Indians; Winnebago Tribe of Nebraska; Wyandot Tribe of Kansas; and Yankton Sioux Tribe. See Ak-Chin Memorandum of Points and Authorities in Support of Plaintiff's Motion for Entry of Trust Record Preservation Order Memorandum of Points and Authorities, Dkt. 38, at 3; Passamaquoddy Memorandum of Points and Authorities, Dkt. 32, at 3; Salt River Memorandum of Points and Authorities, Dkt. 38, at 3; Tohono Memorandum of Points and Authorities, Dkt. 38, at 3.

conference in Nez Perce on May 6, 2008, this Court issued an order deeming that the Ak-Chin, Passamaquoddy, Salt River, and Tohono motions for trust record preservation orders be filed in Nez Perce and granting the Tribes in Nez Perce leave to join those motions. The Court's direction was later set in a minute order on May 7, 2008. By Defendants' calculation, under Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b), Defendants' opposition or response to the Nez Perce motion for trust record preservation order is due May 21, 2008.

4.   On May 2, 2008, the Tribes in 16 Tribal trust accounting and trust mismanagement cases[2] filed motions for relief from the temporary stays of litigation in those cases and for leave to join in the Ak-Chin, Passamaquoddy, Salt River, and Tohono motions for trust record preservation orders. The 16 cases are filed or maintained by the same counsel, and the motions are virtually identical. On May 5 and 6, 2008, this Court granted the motions in the 16 cases by minute orders. By Defendants' calculation, under Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b), Defendants' oppositions or responses to the motions for trust record preservation order in the 16 cases are due May 20 and 21, 2008.

5.   The voluminous motions for trust record preservation orders filed or joined by the

---

[2]   The 16 cases are Cheyenne River Sioux Tribe v. Kempthorne, No. 06-1897 (JR); Crow Creek Sioux Tribe v. No. 04-0900 (JR); Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 06-1902 (JR); Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 06-2162 (JR); Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 06-1899 (JR); Lower Brule Sioux Tribe v. Kempthorne, No. 05-2495 (JR); Muskogee (Creek) Nation of Oklahoma v. Kempthorne, No. 06-2161 (JR); Northwestern Band of Shoshone v. Kempthorne, No. 06-2163 (JR); Omaha Tribe of Nebraska v. Kempthorne, No. 04-0901 (JR); Oglala Sioux Tribe v. Kempthorne, No. 04-1126 (JR); Prairie Band of Potawatomi Nation v. Kempthorne, No. 05-2496 (JR); Red Cliff Band of Lake Superior Indians Indians v. Kempthorne, No. 06-2164 (JR); Rosebud Sioux Tribe v. Kempthorne, No. 05-2492 (JR); Stillaguamish Tribe of Indians v. Kempthorne, No. 06-1898 (JR); Winnebago Tribe of Nebraska v. Kempthorne, No. 05-2493 (JR); Wyandot Nation of Kansas v. Kempthorne, No. 05-2491 (JR).

foregoing 34 Tribes contain numerous factual and legal allegations about Defendants' storage, handling, management, and retention of trust records.  Therefore, Defendants require adequate time to review the motion papers, prepare responses to the allegations, assemble the requisite facts, and compile and coordinate the evidence, including affidavits by knowledgeable agency officials or employees, so that they can depict accurately to the Court the current state of trust record management and retention at relevant facilities and demonstrate that the Court should not enter the preservation order requested by the Tribes.  The work necessary for Defendants' demonstration is time-consuming and labor-instance.  In particular, according to the United States Department of the Interior (Interior or DOI), the preparation of a full and adequate response by that agency requires inquiries of numerous Interior Department offices and bureaus that are involved with or relevant to the 34 Tribes and their trust documents and data, all of which offices and bureaus have distinctly different missions, organizational structures, and histories, so as to determine the nature and extent of the trust data and documentation held by those offices and bureaus.

   6. For example, according to the Interior Department, the Bureau of Indian Affairs (BIA) is organized into 12 regions across the continental United States and Alaska. Within each BIA region (which has its own regional office), there are several agency or field offices, each of which may serve one or more tribes.  Given the varying organizational structures and decentralized lines of authority, the BIA has to submit multiple declarations in order to attest competently to the conditions of the materials held by the different offices for specific Tribes.  Interior has determined that the 34 Tribes requesting trust record preservation orders are served by 11 BIA Regions: Alaska Region, Eastern Region, Eastern Oklahoma Region, Great Plains Region, Midwest Region, Northwest Region, Pacific Region, Rocky Mountain Region, Southern Plains Region, Southwest

Region, and the Western Region. Interior has further determined that, within those 11 BIA Regions, the 34 Tribes are served by 26 BIA Agency or Field Offices: Central California Agency, Cheyenne River Agency, Concho Agency, Crow Creek Agency, Eastern Nevada Agency, Great Lakes Agency, Fort Hall Agency, Horton Agency, Lower Brule Agency, Mescalero Agency, Miami Agency, Northern Idaho Agency, Northern California Agency, Okmulgee Agency, Papago Agency, Pawnee Agency, Pima Agency, Pine Ridge Agency, Puget Sound Agency, Rocky Boy's Field Office, Rosebud Agency, Salt River Agency, Truxton Canon Agency, Winnebago Agency, Yankton Agency, and Yakima Agency.

7. In addition to the active trust documents and data that may be held at the different BIA offices, the 34 Tribes' requests for trust record preservation orders also affect the inactive documents and data, most of which reside at the American Indian Records Repository (AIRR) in Lenexa, Kansas, and some of which may still reside at various federal records centers (FRCs) throughout the country.[3] These FRCs are managed and operated by the National Archives and Records Administration (NARA). Thus, as to the FRCs, Interior has to coordinate its response with NARA in order to prepare and file an adequate and comprehensive response to the 34 Tribes' requests for trust record preservation orders.

8. BIA also maintains Land Title Records Offices (LTRO), which are generally but not always located in the same city as the BIA regional office serving a particular tribe. For example,

---

[3] As this Court observed recently in Cobell v. Kempthorne (Cobell XX), 532 F. Supp. 2d 37, 45-46 (D.D.C. 2008), the Interior Department has made efforts to address previous problems related to the organization and storage of records, which efforts include the centralized storage of 43 miles of Indian records at the AIRR. This Court also noted that the AIRR is a state-of-the-art, climate-controlled, organized, and sizable facility suitable to Interior's trust document and data storage and research obligations. Id. at 45, 55.

while the Ak-Chin Indian Community is served by the Pima Agency and the Western Regional Office, both in Arizona, it also is served by the LTRO in Albuquerque, New Mexico, the city where the BIA's Southwest Regional Office is located. According to the Interior Department, the agency has to canvass each of these locations in order to determine the office(s) possessing materials that are arguably within the scope of each of the Tribes' trust record preservation order motions and then the status of those materials, so that it can prepare the requisite evidentiary showing that all materials held by BIA that relate to a specific Tribe are, in fact, being appropriately safeguarded and that no trust record preservation order is justified.

9. The 34 Tribes' requests for trust preservation orders affect or potentially affect certain documents and data relating to the Tribes at other Interior Department offices or bureaus (in addition to the BIA), including but not limited to the United States Fish and Wildlife Service (FWS), the Bureau of Reclamation (BOR), the Bureau of Land Management (BLM), the Minerals Management Service (MMS), the United States Geological Survey (USGS), and the Office of the Special Trustee for American Indians (OST). Interior has been and continues to be working to determine the nature and extent of the relevant or potentially relevant documents and data maintained and preserved by these offices or bureaus and to compile the requisite responses and information from the offices or bureaus to respond to the Tribes' allegations.

10. Defendants' counsel have been and continue to be working diligently with the appropriate staff attorneys and employees at the Interior Department, the Treasury Department, and NARA, to compile and prepare the necessary factual and legal responses, including the requisite declarations by agency officials or employees, so that they can provide the Court with a proper basis

for evaluating the merits of the 34 Tribes' requests for trust record preservation orders.[4/] Nonetheless, Defendants need sufficient time to accomplish all of the tasks. In addition, Defendants have to respond to the Court's orders or invitations regarding the filings of motions of dismiss in the 37 pending Tribal trust accounting and trust mismanagement cases, as well as its order regarding the filing of the proposed motion for class certification in Nez Perce. Further, Defendants have to meet the demands in the 55 Tribal trust accounting and trust mismanagement cases pending in the United States Court of Federal Claims (CFC), including the 23 cases filed by the 34 Tribes requesting trust record preservation orders herein.

11. On May 6, 2008, this Court issued an order in Nez Perce, requiring Defendants to file their motion to dismiss by June 5, 2008; setting a schedule for the completion of briefing and a hearing in the case; and inviting Defendants to file a similar or identical dismissal motion in the other pending Tribal trust accounting and trust mismanagement cases that present the same or similar jurisdictional issues. In addition, the Court invited Defendants to file similar or identical motions to dismiss in the other pending Tribal trust cases.

12. Also on May 6, the Court ordered that the Nez Perce Tribes file their motion for class certification by or before June 5, 2008, and that briefing on the motion be completed by July 10, 2008.

13. Further, Defendants and their counsel have to address the needs of the Tribal trust

---

[4/] In addition, Defendants' counsel are working with other federal agencies which have not been named as defendants in any of these cases, including the United States Department of Agriculture, the Environmental Protection Agency, the United States Department of Energy, the Federal Highway Administration, the United States Army Corps of Engineers, the United States Department of Homeland Security, and the United States Department of Housing and Urban Development, to determine the effect, if any, of the Tribes' trust record preservation order motions on the agencies' document and data management policies, practices, and procedures.

accounting and trust mismanagement litigation in the CFC, which includes the 23 cases filed by the 34 Tribes, at least eight of which are currently in active litigation that involves motions practice (including the briefing of motions to dismiss under 28 U.S.C. § 1500), discovery, and other matters. Even the CFC cases that are in settlement discussion posture (e.g., the cases filed by 16 Tribes represented by Brian Leinbach and his co-counsel) require case work, which includes the negotiation, preparation, and filing of joint status reports and the research and responses to informal document and data production requests.

14.     Defendants' counsel contacted counsel for the 34 Tribes by telephone and e-mail on May 9. Counsel for the Tribes stated that the Tribes oppose this motion.

15.     The granting of this motion will not cause any undue prejudice or harm to the rights and interests of the parties herein. In their opening papers, the 34 Tribes have not provided any specific examples of damage or destruction of trust records located at the offices, bureaus, or facilities which serve the Tribes herein. Indeed, as this Court noted at the Nez Perce status conference on May 6, 2008, all of the parties in the Tribal trust cases are on notice that all relevant records must be preserved, and the Interior Department continues in its process of moving its inactive records to the American Indian Records Repository. Further, as the Tribes have acknowledged in their motions, Defendants currently have a number of trust record preservation mechanisms in place, and there are currently record retention orders in place in other tribal trust cases before the Court of Federal Claims that govern Defendants' behavior regarding trust document and data preservation. See Ak-Chin Memorandum of Points and Authorities, Dkt. 38-1 at 5, Exhs. 2-7, Dkt. Nos. 38-2 through 38-8; Passamaquoddy Memorandum of Points and Authorities, Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8; Salt River Memorandum of Points and Authorities,

Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8; <u>Tohono</u> Memorandum of Points and Authorities, Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8.

16.     Further, the granting of this motion will promote judicial efficiency and serve the public interest by enabling Defendants to submit well-researched and thoroughly analyzed response papers, and accompanying affidavits. At the same time, however, the denial of the motion will cause prejudice and harm to Defendants' position, in that Defendants will not have sufficient time to complete their preparation of the response papers and undertake a full and thorough review of them with the client agencies before filing. Denial of this motion and its consequent impact on the litigation resources of Defendants and their counsel also could adversely affect Defendants' ability to provide the Court with their full and adequate positions on significant class certification and jurisdictional issues that are subject to motions and associated briefing under the Court's briefing schedules in the pending Tribal trust cases.

WHEREFORE, Defendants respectfully request that their motion for enlargement of time be GRANTED and that the Court allow Defendants to and including July 14, 2008, to file their responses to the Tribes' requests for trust record preservation orders in the above-captioned cases.

Respectfully submitted this 12th day of May, 2008,

                                             RONALD J. TENPAS
                                             Assistant Attorney General

                                             */s/ E. Kenneth Stegeby*

                                             CAROL DRAPER
                                             JACOB HASEMAN
                                             JASON BRUNO
                                             MAUREEN RUDOLPH
                                             JODY SCHWARZ
                                             MICHAEL THORP
                                             E. KENNETH STEGEBY

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0465
Tel: (202) 305-0240
Tel: (202) 305-0434
Tel: (202) 305-0479
Tel: (202) 305-0245
Tel: (202) 305-0456
Tel: (202) 616-4119
Tel: (202) 305-0241
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al., | ) ) ) | Civil Action No. 02-0276 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al., | ) ) ) | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 04-1126 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2492 (JR) |
| Winnebago Tribe of Nebraska v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi Nation v. Kempthorne, et al., | ) ) ) | Civil Action No. 05-2496 (JR) |
| Cheyenne River Sioux Tribe v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the Goshute Reservation v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al., | ) ) ) | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma   v.  ) | | Civil Action No. 06-2162 (JR) |

| | | |
|---|---|---|
| Kempthorne, et al., | ) | |
| | ) | |
| Northwestern Band of Shoshone Indians v. | ) | Civil Action No. 06-2163 (JR) |
| Kempthorne, et al., | ) | |
| | ) | |
| Red Cliff Band of Lake Superior Indians v. | ) | Civil Action No. 06-2164 (JR) |
| Kempthorne, et al., | ) | |
| | ) | |
| Tohono O'Odham Nation v. | ) | Civil Action No. 06-2236 (JR) |
| Kempthorne, et al., | ) | |
| | ) | |
| Nez Perce Tribe, et al., v. | ) | Civil Action No. 06-2239 (JR) |
| Kempthorne, et al., | ) | |
| | ) | |
| Passamaquoddy Tribe of Maine v. | ) | Civil Action No. 06-2240 (JR) |
| Kempthorne, et al., | ) | |
| | ) | |
| Salt River Pima-Maricopa Indian | ) | Civil Action No. 06-2241 (JR) |
| Community v. Kempthorne, et al., | ) | |
| | ) | |
| Ak-Chin Indian Community v. | ) | Civil Action No. 06-2245 (JR) |
| Kempthorne, et al., | ) | |
| _____ | ) | |

## [PROPOSED] ORDER

This matter is before the Court on Defendants' motion for 60-day enlargement of time within which to oppose or otherwise respond to the Tribes' motions for entry of trust record preservation orders in the above-captioned cases. Upon consideration of Defendants' motion and the Tribes' oppositions thereto, it is hereby ordered that

1.   Defendants' motion should be and hereby is granted.

2.   Defendants shall have to and including July 14, 2008, to file their opposition or response to the Tribes' motions for entry of trust record preservation orders.

SO ORDERED.

- 2 -

Date: _____   _____
JAMES ROBERTSON
United States District Judge