IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al. | : : : | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Norton, et al. | : : | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al. | : : : | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of The Fort Hall Reservation v. Norton, et al. | : : : | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al. | : : : | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, et al. | : : | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. USA, et al. | : : | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al. | : : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, et al. | : : : | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al. | : : | Civil Action No. 05-2491 (JR) |

1

Rosebud Sioux Tribe v.                   :
Kempthorne, et al.                       :        Civil Action No. 05-2492 (JR)

Winnebago Tribe of Nebraska              :
v. Kempthorne, et al.                    :        Civil Action No. 05-2493 (JR)

Lower Brule Sioux Tribe v.               :
Kempthorne, et al.                       :        Civil Action No. 05-2495 (JR)

Prairie Band of Potawatomi               :
Nation v. Kempthorne, et al.             :        Civil Action  No. 05-2496 (JR)

Te-Moak Tribe of Western                 :
Shoshone Indians v.                      :        Civil Action No. 05-2500 (JR)
Norton, et al.                           :

Cheyenne River Sioux Tribe v.            :
Kempthorne, et al.                       :        Civil Action No. 06-1897 (JR)

Stillaguamish Tribe of                   :
Indians v. Kempthorne, et al.            :        Civil Action No. 06-1898 (JR)

Iowa Tribe of Kansas and                 :
Nebraska v. Kempthorne, et al.           :        Civil Action No. 06-1899 (JR)

Confederated Tribes of the               :
Goshute Reservation v.                   :        Civil Action No. 06-1902 (JR)
Kempthorne, et al.                       :

Muskogee (Creek) Nation of          :
Oklahoma v. Kempthorne, et al.           :        Civil Action No. 06-2161 (JR)

Eastern Shawnee Tribe of                 :
Oklahoma v. Kempthorne, et al.           :        Civil Action No. 06-2162 (JR)

Northwestern Band of Shoshone            :
v. Kempthorne, et al.                    :        Civil Action No. 06-2163 (JR)

Red Cliff Bank of Lake                   :
Superior Indians v.                      :        Civil Action No. 06-2164 (JR)
Kempthorne, et al.                       :

Pechanga Band of Luiseno          :
Mission Indians v.                :     Civil Action No. 06-2206 (JR)
Kempthorne, et al.                :


Colorado River Indian Tribes      :
v. Kempthorne, et al.             :     Civil Action No. 06-2212 (JR)


Tohono O'Odham Nation v.          :
Kempthorne, et al.                :     Civil Action No. 06-2236 (JR)


Nez Perce Tribe, et al. v.        :
Kempthorne, et al.                :     Civil Action No. 06-2239 (JR)


Passamaquoddy Tribe of            :
Maine v. Kempthorne, et al.       :     Civil Action No. 06-2240 (JR)


Salt River Pima-Maricopa          :
Indian Community v.               :     Civil Action No. 06-2241 (JR)
Kempthorne, et al.                :


Coer D'Alene Tribe v.             :
Kempthorne, et al.                :     Civil Action No. 06-2242 (JR)


Ak-Chin Indian Community v.       :
Kempthorne, et al.                :     Civil Action No. 06-2245 (JR)


Sokaogon Chippewa Community       :
v. Kempthorne, et al.             :     Civil Action No. 06-2247 (JR)


Gila River Indian Community       :
v. Kempthorne, et al.             :     Civil Action No. 06-2249 (JR)


Northern Cheyenne Tribe of        :
Indians v. Kempthorne, et al.     :     Civil Action No. 06-2250 (JR)


Haudenosaunee:  The Onondaga      :
Nation v. Kempthorne, et al.      :     Civil Action No. 06-2254 (JR)


Jicarilla Apache Nation v.        :
Department of Interior            :     Civil Action No. 07-803 (JR)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR TWO-WEEK ENLARGEMENT OF TIME WITHIN WHICH TO FILE MOTION TO DISMISS AND MOTION FOR LEAVE TO EXCEED PAGE LIMITATION IN THE AMOUNT OF 30 PAGES REGARDING MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to LCvR 7(b), Plaintiffs the Nez Perce Tribe, *et al,* oppose Defendants' Motion for a Two-Week Enlargement of Time within which to File Their Motion to Dismiss on Jurisdictional Issues, and Motion for Leave to Exceed Page Limitation for Memorandum of Points and Authorities in Support of Motion to Dismiss.   In support of this opposition, Plaintiffs state the following points and authorities.

1.   On May 6, 2008, this Court held the Scheduling Conference requested by both parties in their Joint Report Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3 filed on March 6, 2008. (Doc. # 45).  During that Scheduling Conference, at the request of both parties, this Court established a schedule for the briefing of Plaintiffs' Motion for Class Certification and Defendants' Motion to Dismiss.   The Court stated that, "We're going to have the dispositive motion and the class certification simultaneously." *Nez Perce Tribe , et al. v. Kempthorne, et al,* No. 06-2239, Transcript of Scheduling Conference, page 11, lines 6-8  (May 6, 2008).  The Court further stated that opening briefs for both motions would be filed within 30 days of the date of the Scheduling Conference, *i.e.,* June 5, 2008 – to which both parties agreed.  Scheduling Conference Transcript, at page 12, lines 14-19 and page 20, line 10-11.  Response briefs would be due within 21 days of the Opening Briefs, and Reply Briefs would be filed within 14 days of the Response Briefs – and again, both counsel agreed to this.  *Id.* at page13, line 5, and page 20, lines 10-17.

2.   In addition, during the Scheduling Conference, this Court emphasized repeatedly its concern about the lack of progress to date in this action and the importance of sticking to the agreed-

upon schedule for the pending and anticipated motions. *See, e.g.,* "[N]ot a single thing has happened in this case . It's all . . . extensions of time." Scheduling Conference Transcript, at page 1, lines 9-10; *id.* at page 11, lines 3-5 ("Let the word go out that this is not going to devolve into a three-year struggle over procedure. You know, life is too short, counsel. Even your life is too short."); *id.* at page 20, lines 10-14 ("Let me put it this way: I said 30 days and 21 days and 14 days. That's 65 days. That's July 10th. You and Ms. McCoy confer and any way you want to work it out *so that these issues are all fully briefed and presented for decision by July 10th is okay with me*.") (emphasis added).

     3. All Counsel for Defendants understood precisely the Court's concerns and direction on this point.

> THE COURT:
>
> . . . But it seems to me that if the government has got a motion to dismiss, let it file it. I mean, this case has been pending for a year and a half. I don't know why they didn't file it until now. There's been no restriction on the government in filing a motion to dismiss. File your motion. How about 30 days?
>
> MS. RUDOLPH: That will be fine, Your Honor.

Scheduling Conference Transcript at page 12, lines 6-16. It was further stated by

> MR. HOANG:
>
> . . . I'm also mindful of the fact that the Court has ordered briefing to proceed as soon as possible on the motion to dismiss and the motion for class certification.

*Id.* at page 18, lines 21-23.

     4. Following the Scheduling Conference, this Court issued a Scheduling Order confirming the briefing schedule established. Order of May 6, 2008 (Doc. # 47). The May 6, 2008 Order also scheduled oral argument on Defendants' Motion to Dismiss for July 24, 2008. *Id.* A subsequent

Order of May 13, 2008 (Doc. # 50), confirmed that oral argument on Plaintiffs' Motion for Class Certification also would be held on July 24, 2008. The May 13, 2008 Order further denied Defendants' motion for a 60-day enlargement of time to respond to Plaintiffs' Trust Records Preservation Motions filed in this and other tribal trust cases, but nevertheless allowed Defendants some additional time to respond – "until June 20, 2008." *Id.* Pursuant to the May 13, 2008 Order, oral argument on the Trust Records Preservation Motions also will be held on July 24, 2008.

5. In utter disregard of the Scheduling Conference and these Orders, Defendants now seek an additional two weeks, to and including June 19, 2008, within which to file their Motion to Dismiss. (Doc. # 51). The primary reasons Defendants proffer for the requested enlargement are that they are very busy with other cases, their motion is "detailed" and "complex" and they "need the requested time to finish" their motion and supporting brief. (Doc. # 51). None of these reasons are any different than the points they made during the May 6, 2008 Scheduling Conference, nor do they suggest anything other than things that Defendants have known since they have intended to file their Motion to Dismiss in this and other actions for well over one year.

6. Defendants in their Motion for Enlargement offer no clue regarding how, if an additional two weeks to file their opening brief is granted, they view that extension affecting the rest of the briefing and oral argument schedule on their Motion to Dismiss, the Trust Records Preservation Motion, and Plaintiffs' Motion for Class Certification.

7. Defendants misstate the position of Counsel for Plaintiffs in response to Defendants' consultation regarding the Motion for Enlargement in two ways. One, Counsel for Plaintiffs responded that she was not opposed to the requested additional two weeks for the filing of Defendants' Motion to Dismiss provided that that additional time was taken from Defendants' time

to Reply to the Motion, since, in her view, that was the only way to allow the extension and meet the Court's deadlines for briefing all matters on the motions by July 10th, and holding the oral arguments on July 24th. Two, while Counsel for Plaintiffs stated that Defendants' request for an additional 30 pages for their opening brief in support of their Motion to Dismiss was unreasonable, she clearly also stated that she did not oppose a request for an additional five pages on the Motion to Dismiss opening brief, as long as Defendants in turn agreed to an additional five pages for the Plaintiffs' Class Certification Motion opening brief. *See* May 28, 2008 e-mail from Melody McCoy to Maureen Rudolph, attached hereto as Exhibit A; *see also Chippewa Cree Tribe v. Kempthorne,* No. 02-0276-JR, Defendants Motion for Two -Week Enlargement of Time Within Which to File Motion to Dismiss on Jurisdictional Issues, and Motion for Leave to Exceed Page Limitation for Memorandum of Points and Authorities in Support of Motion to Dismiss (filed May 29, 2008) (Doc. # 74) (correctly stating at paragraph 4 that "Counsel for the Chippewa Cree . . . stated that she opposed the motion for enlargement of time and the motion to exceed the page limitation by thirty pages, but does not oppose increasing the page limitation for Defendant's opening brief by five pages, so long as the Tribe is granted the same five page increase for its initial brief."), attached hereto as Exhibit B.

8. Plaintiffs maintain that Defendants' request for an additional 30 pages for an opening brief that already is allotted 45 pages is unreasonable; an additional 30 pages unnecessarily almost doubles the size of a brief in support of a typical motion.

9. Counsel for Plaintiffs is prepared to file Plaintiffs' Motion for Class Certification on June 5, 2008 as agreed to by the parties and ordered by the Court, and is prepared to meet the other agreed-to and ordered briefing and oral argument deadlines. Of the current pending or anticipated

motions in this action, Defendants now have requested extensions of time on two of three motions, and undoubtedly they will request additional time regarding the third.[1]  Plaintiffs urge this Court to thwart this pattern and stick to agreed-upon schedules unless good reason is shown to do otherwise. There is no such showing here.

10.  Pursuant to LCvR 7(c), a Proposed Order is submitted herewith this Opposition.


DATED this 30th day of May, 2008

Respectfully submitted,


/s/     *Melody L. McCoy*
MELODY L. MCCOY, USDC Bar. No. CO0043
DONALD R. WHARTON
DAVID L. GOVER
DAWN S. BAUM
MARK C. TILDEN
JOHN E. ECHOHAWK
WALTER R. ECHO-HAWK, JR.
Native American Rights Fund
1506 Broadway
Boulder, CO 80302
Tel (303) 447-8760
Fax (303) 443-7776
E-mail mmccoy@narf.org

Attorneys for Plaintiffs

---

[1]  Of course Defendants also requested and obtained unopposed additional time to file their Remand Motion last year as well.  *See* Order of July 31, 2007 in *Osage Tribe v. U.S.A.,* No. 04-0283-JR (Doc. # 43).

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2008, a true and correct copy of the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR TWO-WEEK ENLARGEMENT OF TIME WITHIN WHICH TO FILE MOTION TO DISMISS, AND MOTION FOR LEAVE TO EXCEED PAGE LIMITATION FOR MEMORANDUM IN SUPPORT OF MOTION TO DISMISS and [PROPOSED ] ORDER was served by Electronic Case Filing or by regular first class U.S. mail, postage pre-paid, on the following counsel:


E. KENNETH STEGEBY
ANTHONY P. HOANG
KEVIN J. LARSEN
MAUREEN RUDOLPH
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663
Tel (202) 616-4119
Tel (202) 305-0241
Tel (202) 305-0479
Fax (202) 353-2021

JOHN H. MARTIN
U.S. Department of Justice
Natural Resources Section
1961 Stout St., Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
Tel: (303) 844-1383
Fax (303) 844-1350

Attorneys for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
THOMAS BARTMAN
GLADYS I. COHOCARI
SHANI N. WALKER
Office of the Solicitor
U.S. Department of the Interior
Washington, DC 20240


TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
U.S. Department of the Treasury
Washington, DC 20227

                                    */s/    Melody L. McCoy*
                                    MELODY L. MCCOY, USDC Bar. No. CO0043
                                    Attorney for Plaintiffs

EXHIBIT A

**Melody McCoy**

| | |
|---|---|
| **From:** | Melody McCoy [mmccoy@narf.org] |
| **Sent:** | Wednesday, May 28, 2008 1:36 PM |
| **To:** | 'Rudolph, Maureen (ENRD)' |
| **Cc:** | 'Hoang, Anthony (ENRD)'; 'Stegeby, Kenneth (ENRD)'; 'Thorp, Michael (ENRD)'; 'Zoeller, Michael (ENRD)' |
| **Subject:** | RE: Nez Perce Extension of Time to File Motion to Dismiss |

Maureen,

The Court has made it clear that the soon-to-be 3 pending motions (Dismissal, Records Preservation, and Class Certification) in Nez Perce are to be briefed by July 10, 2008. Accordingly, I can only agree to your request for 2 more weeks to file your opening brief for the Motion to Dismiss if such extra time comes out of your reply time, i.e., if you are willing to agree to forego your reply. Otherwise, the Nez Perce Plaintiffs are opposed to any extensions of time for the filing of the Defendants' Motion to Dismiss opening brief given the Court's direction during the Scheduling Conference and in its subsequent Scheduling orders and notices to counsel. Defendants already have gotten extra time to respond to the Records Preservation Motion, and the Nez Perce Plaintiffs are opposed to any further changes in the briefing and oral argument schedules at this time.

With respect to additional pages for Defendants' Motion to Dismiss Opening Brief, I can agree to 5 extra pages if you are willing to agree that I may have an extra 5 pages for my opening brief in support of class certification. I cannot agree to 30 extra pages for you; that is unreasonable.

Melody McCoy
mmccoy@narf.org

-----Original Message-----
From: Rudolph, Maureen (ENRD) [mailto:Maureen.Rudolph@usdoj.gov]
Sent: Tuesday, May 27, 2008 3:35 PM
To: Melody McCoy
Cc: Hoang, Anthony (ENRD); Stegeby, Kenneth (ENRD); Thorp, Michael (ENRD); Zoeller, Michael (ENRD)
Subject: Nez Perce Extension of Time to File Motion to Dismiss

Melody,

As you are aware, our motion to dismiss in the Nez Perce case in the DDC is due June 5, 2008. We are going to be filing a motion for an extension of time for 14 days - to June 19, 2008. We are also filing a motion to extend the page limits from 45 (under the local rules) to 75 pages. I believe you have also spoken to Carol Draper about a similar extension of time in the Chippewa Cree case. Under Local Rule 7(m), we wanted to find out if you oppose or are unopposed to the extension of time and page limits. We plan on filing in the next couple days. Please let us know your position.

Thank you,
Maureen

Maureen E. Rudolph
U.S. Department of Justice
Natural Resources Section
P.O. Box 663
Ben Franklin Station
Washington, DC 20044-0663
Tel: (202) 305-0479
Fax: (202) 353-2021

===================================================
CONFIDENTIALITY NOTE
This email and any attachments are confidential. If you are not the intended recipient,

please delete the email and any attachments and notify the sender. Thank you for your cooperation.
===================================================

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of<br>the Fort Peck Indian Reservation v.<br>Kempthorne, *et al.*, | ) ) ) | Civil Action No. 02-0035 (JR) |
| | ) | |
| Standing Rock Sioux Tribe v.<br>Kempthorne, *et al.*, | ) ) | Civil Action No. 02-0040 (JR) |
| | ) | |
| Three Affiliated Tribes of<br>the Fort Berthold Reservation v.<br>Kempthorne, *et al.*, | ) ) ) | Civil Action No. 02-0253 (JR) |
| | ) | |
| Shoshone-Bannock Tribes of<br>the Fort Hall Reservation v.<br>Kempthorne, *et al.*, | ) ) ) | Civil Action No. 02-0254 (JR) |
| | ) | |
| Chippewa Cree Tribe of<br>the Rocky Boy's Reservation v.<br>Kempthorne, *et al.*, | ) ) ) | Civil Action No. 02-0276 (JR) |
| | ) | |
| Yankton Sioux Tribe v.<br>Kempthorne, *et al.*, | ) ) | Civil Action No. 03-1603 (JR) |
| | ) | |
| Osage Tribe of Indians of Oklahoma v.<br>United States of America, *et al.*, | ) ) | Civil Action No. 04-0283 (JR) |
| | ) | |
| Crow Creek Sioux Tribe v.<br>Kempthorne, *et al.*, | ) ) | Civil Action No. 04-0900 (JR) |
| | ) | |
| Omaha Tribe of Nebraska v.<br>Kempthorne, *et al.*, | ) ) | Civil Action No. 04-0901 (JR) |
| | ) | |
| Oglala Sioux Tribe v.<br>Kempthorne, *et al.*, | ) ) | Civil Action No. 04-1126 (JR) |
| | ) | |
| Confederated Tribes of<br>the Colville Reservation v.<br>Kempthorne, *et al.*, | ) ) ) | Civil Action No. 05-2471 (JR) |
| | ) | |
| Wyandot Nation of Kansas v.<br>Kempthorne, *et al.*, | ) ) | Civil Action No. 05-2491 (JR) |
| | ) | |
| Rosebud Sioux Tribe v. | ) | Civil Action No. 05-2492 (JR) |

| | | |
|---|---|---|
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Winnebago Tribe of Nebraska v. | ) | Civil Action No. 05-2493 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Lower Brule Sioux Tribe v. | ) | Civil Action No. 05-2495 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Prairie Band of Potawatomi Nation v. | ) | Civil Action No. 05-2496 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Te-Moak Tribe of | ) | |
| Western Shoshone Indians v. | ) | Civil Action No. 05-2500 (JR) |
| Indians Kempthorne, *et al.*, | ) | |
| | ) | |
| Cheyenne River Sioux Tribe v. | ) | Civil Action No. 06-1897 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Stillaguamish Tribe of Indians v. | ) | Civil Action No. 06-1898 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Iowa Tribe of Kansas and Nebraska v. | ) | Civil Action No. 06-1899 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Confederated Tribes of | ) | |
| the Goshute Reservation v. | ) | Civil Action No. 06-1902 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Muskogee (Creek) Nation of Oklahoma v. | ) | Civil Action No. 06-2161 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Eastern Shawnee Tribe of Oklahoma v. | ) | Civil Action No. 06-2162 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Northwestern Band of Shoshone Indians v. | ) | Civil Action No. 06-2163 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Red Cliff Band of Lake Superior Indians v. | ) | Civil Action No. 06-2164 (JR) |
| Kempthorne, *et al.*, | ) | |
| | ) | |
| Pechanga Band of | ) | |
| Luiseño Mission Indians v. | ) | Civil Action No. 06-2206 (JR) |
| Kempthorne, *et al.*, | ) | |

|  |  |  |
|---|---|---|
| Colorado River Indian Tribes v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2212 (JR) |
| Tohono O'odham Nation v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2236 (JR) |
| Nez Perce Tribe, *et al.*, v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2239 (JR) |
| Passamaquoddy Tribe of Maine v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2240 (JR) |
| Salt River Pima-Maricopa Indian Community v. Kempthorne, *et al.*, | ) ) ) ) | Civil Action No. 06-2241 (JR) |
| Coeur D'Alene Tribe v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2242 (JR) |
| Ak-Chin Indian Community v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2245 (JR) |
| Sokaogon Chippewa Community v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2247 (JR) |
| Gila River Indian Community v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2249 (JR) |
| Northern Cheyenne Tribe of Indians v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2250 (JR) |
| Haudenosaunee and Onondaga Nation v. Kempthorne, *et al.*, | ) ) ) | Civil Action No. 06-2254 (JR) |

**DEFENDANTS' MOTION FOR TWO-WEEK ENLARGEMENT OF TIME
WITHIN WHICH TO FILE MOTION TO DISMISS ON JURISDICTIONAL ISSUES,
AND MOTION FOR LEAVE TO EXCEED PAGE LIMITATION FOR MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, AND
[PROPOSED] ORDER**

Pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 6 and Local Civil Rule (LCvR)

7, Defendants respectfully move for (1) an enlargement of time, to and including June 19, 2008, within which to file their motion "to dismiss some or all of the claims" in Nez Perce Tribe, et al. v. Kempthorne, et al. (Nez Perce), No. 06-2239-JR (D.D.C.), and, if Defendants accept the invitation set forth by the Court in its order dated May 6, 2008, in all of the other Tribal trust cases that present the same or similar jurisdictional issues that will be briefed, in whole or in part, in Nez Perce; and (2) leave to exceed the page limitation provided by LCvR 7(e) for the memorandum of points and authorities in support of the motion to dismiss, by 30 pages. Defendants' motion to dismiss is presently due June 5, 2008. Under LCvR 7(e), the page limitation for the memorandum is 45 pages. These motions are Defendants' first such motions.

The grounds for these motions are as follows:

1. On May 6, 2008, after a joint status conference in Nez Perce, this Court issued an order instructing Defendants "to move to dismiss some or all of the claims" in the case by June 5, 2008, and inviting Defendants to file their motion to dismiss "in all the tribal cases that present the same or similar jurisdictional issues that will be briefed in Nez Perce." See Order dated May 6, 2008, Docket (Dkt.) No. 47.

2. Defendants presently are planning to file a motion to dismiss not only in Nez Perce but also, at a minimum, in other cases in which the plaintiff-Tribes have elected or announced that they intend to pursue active litigation, such as Ak-Chin Indian Community v. Kempthorne, No. 06cv02245-JR; Passamaquoddy Tribe of Maine v. Kempthorne, No. 06-2240-JR; Salt River-Pima Maricopa Indian Community v. Kempthorne, No. 06-2241-JR; Tohono O'odham Nation v. Kempthorne, No. 06-2236-JR; Colorado River Indian Tribes v. Kempthorne, No. 06-2212-JR; Pechanga Band of Luiseño Mission Indians v. Kempthorne, No. 06-2206-JR; and Yankton Sioux

Tribe v. Kempthorne, No. 03-1603-JR. Defendants are requesting the additional time, because they expect that the planned motion to dismiss will present detailed arguments regarding complex issues and matters of law relating to the jurisdictional bases of plaintiff-Tribes' trust accounting and trust mismanagement claims. Defendants need the requested time to finish preparing the motion papers, submit them for review at the United States Departments of the Interior (Interior), the Treasury (Treasury), and Justice (DOJ) (including review by high-level officials of Interior, Treasury, and several DOJ offices), allow sufficient time for that review and for any requisite discussions and/or conferences regarding the draft papers, collect and incorporate or otherwise address comments on the draft papers, and finalize and file the motion papers. Various agency officials and employees have been and continue to be on work-related travel and occupied with other unrelated but equally important matters. Also, undersigned counsel have been and continue to be working on other matters relating to the 100 Tribal trust accounting and trust mismanagement cases pending in this Court, the United States District Courts for Oklahoma, and the United States Court of Federal Claims (including the 34 or so that are in active litigation in the various courts).

3.    Defendants also request leave of the Court to exceed the page limitation by 30 pages, to and including 75 pages, for the memorandum of points and authorities in support of their motion to dismiss, because, as explained above, the planned motion will address, in substantive detail, the jurisdictional grounds for the plaintiff-Tribes' trust accounting and trust mismanagement claims. Defendants need sufficient space in the opening memorandum to delineate the legal arguments underlying their motion, in as comprehensive and detailed a manner as possible, for the Court. At the same time, however, Defendants are mindful of the Court's general views regarding lengthy written submissions by the parties. Accordingly, if the Court grants Defendants' request, Defendants

will make every effort to minimize the number of pages by which they will exceed the 45-page limit imposed by the local court rules, while ensuring that their treatment and explanation of their arguments are as clear, detailed, and cogent as possible.

4.      Defendants' counsel contacted counsel for the plaintiff-Tribes by telephone about these motions on May 28 and 29, 2008.  Counsel for the Chippewa Cree of the Rocky Boy's Reservation stated that she opposes the motion for enlargement of time and the motion to exceed the page limitation by thirty pages, but does not oppose increasing the page limitation for Defendant's opening brief by five pages, so long as the Tribe is granted the same five-page increase for its initial brief.

5.      The granting of these motions will not cause any undue prejudice or harm to the rights and interests of the parties herein.  Rather, the granting of these motions will promote judicial efficiency and economy and serve the public interest by enabling Defendants to submit well-researched, thoroughly analyzed and reviewed motion papers to the Court and plaintiff-Tribes regarding the jurisdictional bases of the trust accounting and trust mismanagement claims, so as to enable well-considered responses and ruling by this Court.  This effect is especially magnified to the extent that the Tribal trust cases share certain common jurisdictional grounds.  On the other hand, the denial of these motions will cause adverse impacts on Defendants' ability to prepare; submit for high-level agency consideration, comment, and approval; incorporate and address comments; and file with the Court fully comprehensive and adequate motion papers.

WHEREFORE, Defendants respectfully request that their motions be GRANTED.

Respectfully submitted this 29th day of May, 2008,

RONALD J. TENPAS
Assistant Attorney General

/s/
CAROL DRAPER
JACOB HASEMAN
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0465
Tel: (202) 305-0240
Tel: (202) 305-0241
Fax:(202) 353-2021

Attorneys for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al. | : : : | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Norton, et al. | : : | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al. | : : : | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of The Fort Hall Reservation v. Norton, et al. | : : : | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al. | : : : | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, et al. | : : | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. USA, et al. | : : | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al. | : : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, et al. | : : : | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al. | : : | Civil Action No. 05-2491 (JR) |

1

Rosebud Sioux Tribe v.                     :
Kempthorne, et al.                         :       Civil Action No. 05-2492 (JR)

Winnebago Tribe of Nebraska                :
v. Kempthorne, et al.                      :       Civil Action No. 05-2493 (JR)

Lower Brule Sioux Tribe v.                 :
Kempthorne, et al.                         :       Civil Action No. 05-2495 (JR)

Prairie Band of Potawatomi                 :
Nation v. Kempthorne, et al.               :       Civil Action  No. 05-2496 (JR)

Te-Moak Tribe of Western                   :
Shoshone Indians v.                        :       Civil Action No. 05-2500 (JR)
Norton, et al.                             :

Cheyenne River Sioux Tribe v.              :
Kempthorne, et al.                         :       Civil Action No. 06-1897 (JR)

Stillaguamish Tribe of                     :
Indians v. Kempthorne, et al.              :       Civil Action No. 06-1898 (JR)

Iowa Tribe of Kansas and                   :
Nebraska v. Kempthorne, et al.             :       Civil Action No. 06-1899 (JR)

Confederated Tribes of the                 :
Goshute Reservation v.                     :       Civil Action No. 06-1902 (JR)
Kempthorne, et al.                         :

Muskogee (Creek) Nation of           :
Oklahoma v. Kempthorne, et al.             :       Civil Action No. 06-2161 (JR)

Eastern Shawnee Tribe of                   :
Oklahoma v. Kempthorne, et al.             :       Civil Action No. 06-2162 (JR)

Northwestern Band of Shoshone              :
v. Kempthorne, et al.                      :       Civil Action No. 06-2163 (JR)

Red Cliff Bank of Lake                     :
Superior Indians v.                        :       Civil Action No. 06-2164 (JR)
Kempthorne, et al.                         :

2

Pechanga Band of Luiseno :
Mission Indians v. : Civil Action No. 06-2206 (JR)
Kempthorne, et al. :

Colorado River Indian Tribes :
v. Kempthorne, et al. : Civil Action No. 06-2212 (JR)

Tohono O'Odham Nation v. :
Kempthorne, et al. : Civil Action No. 06-2236 (JR)

Nez Perce Tribe, et al. v. :
Kempthorne, et al. : Civil Action No. 06-2239 (JR)

Passamaquoddy Tribe of :
Maine v. Kempthorne, et al. : Civil Action No. 06-2240 (JR)

Salt River Pima-Maricopa :
Indian Community v. : Civil Action No. 06-2241 (JR)
Kempthorne, et al. :

Coer D'Alene Tribe v. :
Kempthorne, et al. : Civil Action No. 06-2242 (JR)

Ak-Chin Indian Community v. :
Kempthorne, et al. : Civil Action No. 06-2245 (JR)

Sokaogon Chippewa Community :
v. Kempthorne, et al. : Civil Action No. 06-2247 (JR)

Gila River Indian Community :
v. Kempthorne, et al. : Civil Action No. 06-2249 (JR)

Northern Cheyenne Tribe of :
Indians v. Kempthorne, et al. : Civil Action No. 06-2250 (JR)

Haudenosaunee: The Onondaga :
Nation v. Kempthorne, et al. : Civil Action No. 06-2254 (JR)

Jicarilla Apache Nation v. :
Department of Interior : Civil Action No. 07-803 (JR)

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR
TWO-WEEK ENLARGEMENT OF TIME WITHIN WHICH TO FILE
MOTION TO DISMISS AND MOTION FOR LEAVE TO EXCEED PAGE
LIMITATION FOR MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

This matter is before the Court on Defendants' Motion for a Two-Week Enlargement of Time within which to File Motion to Dismiss and Motion for Leave to Exceed Page Limitation for Memorandum in Support of Motion to Dismiss. Upon consideration of Defendants' Motion and Plaintiffs' Opposition to the Motion, it is hereby ORDERED that Defendants' Motion for a two-week enlargement and for leave to exceed the page limitation by 30 pages for the Memorandum in Support of their Motion to Dismiss is DENIED, but Defendants may have no more than an additional five pages for their Memorandum in Support of Motion to Dismiss, and Plaintiffs may have no more than an additional five pages for the Memorandum in Support of their Motion for Class Certification, which, along with the Motion to Dismiss, is due June 5, 2008.

SO ORDERED.

Date: _____    _____
                                          HON. JAMES ROBERTSON
                                          United States District Court

4