IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEZ PERCE TRIBE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, ) <br> Secretary of the Interior, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 06cv02239-JR |

### DECLARATION OF WARREN HEISLER

I, Warren Heisler, pursuant to 28 U.S.C. § 1746 and based on my personal knowledge or upon information provided to me in my official capacity, do hereby declare and state:

1.  I am the Acting Regional Director of the Alaska Region for the Bureau of Indian Affairs ("BIA"). I hold this position for Niles Cesar, Regional Director who, at this writing is on leave. I am the Deputy Director of Native Services and have been at the Alaska Region since November 14, 1988. My responsibilities as Acting Regional Director include serving as a line officer responsible for the planning, implementing, directing, monitoring and evaluating the BIA's trust responsibilities and program services within the Region. The Alaska Region provides services to the Central Council of Tlingit and Haida Indian Tribes of Alaska ("CCTHA"). The services provided by the Region include Compact Support and Certificates of Degree of Indian blood.

2.  Attached hereto is a true and correct copy of the Constitution of the Central Council of Tlingit and Haida Indian Tribes of Alaska, including the most recent changes and amendments.

3.  The Central Council of Tlingit Haida represents Central Council of the Tlingit and

Haida Indian Tribes of Alaska (CCTHITA) headquartered in Juneau, Alaska has 125 elected delegates representing 21 cities/villages and is the Tribal Government representing approximately 26,000 Tlingit and Haida Indians worldwide. They are the sovereign entity and have a government to government relationship with the United States Government. This Council represents all the individual tribes of Southeastern Alaska and its organization is unique among all of Indian Country.

4. The Tlingit Haida Central Council has taken on the delivery of service to their membership per 25 CFR Part 900, Self-Determination and Education Assistance Act and Part 1000, Annual Funding Agreements under the Tribal Self-Governance Act Amendments to the Indian Self-Determination and Education Act. Office of Self Governance ("OSG") tribes report only to Sharee Freeman, Director, Office of Self-Governance Office in Washington D.C. unless they chose to operate a program under Part 900.

5. The Alaska Region works together with other Interior agencies including, but not limited to Bureau of Land Management and Department of Fish and Wildlife to safeguard the Tribes' trust however, CCTHIA has no trust land in Alaska. Under a 1990 self-governance compact, The BIA Alaska Regional Office's responsibilities are the residual Inherent Federal functions primarily Trust functions that could not be delegated. Specifically, these are functions that a reserved only for the Secretary of the interior or delegations only to Senior Federal Officials, primarily signatory, approvals of trust deeds, etc

5. The CCTHITA also operates under a Self Governance Demonstrations Project. The CCTHITA Self Governance Demonstrations Project is a compact of Self Governance entered into by Secretary of Interior on behalf of the United States of America pursuant to the

authority granted by Title III of P.L. 100-472 and Central Council of the Tlingit and Haida Indian Tribes of Alaska. The Compact enables the Tribe to redesign programs, activities function, and services for the BIA; to reallocate funds from such program, activities and function, or service according to the tribal priorities; to enhance the effectiveness and long term financial stability of its tribal government; and to reduce Federal-Indian service bureaucracy. This program also assists tribes in developing their capacity to function as tribal governments. It also helps tribal governments establish government-to-government relationships federal, state, municipal, local, and other tribal governments.

6. The CCTHITA is further unique as its members aboriginal claims were settled under the Alaska Native Claims Settlement Act [ANCSA]. ANCSA is unique in that it permits conveyance of some 44 million acres of land to Alaska Native Corporations, along with a cash payment of $1 billion, in exchange for the purported extinguishment of aboriginal Native claims in Alaska (Alaska Natives and American Laws, David S. Case, page 15, University of Alaska Press)

7. The history of the Central Council is intricately intertwined with the struggle of the Native people of Southeast Alaska for equal rights. Over 50 years ago the Council evolved out of the struggle of their people to retain a way of life strongly based upon subsistence. That struggle included the right to claim land that was considered Tlingit under right and the land they were given no claim to under the Western concept of ownership.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 14th day of July 2008.

*[signature]*
Warren Heisler
Deputy Regional Director,
Native Services

# DECLARATION OF

# Warren Heisler

# July 14, 2008

# ATTACHMENT

This is the html version of the file http://www.ccthita.org/pdf/THCC-Constitution%20final%20adopted%2004-14-04.pdf.
G o o g l e automatically generates html versions of documents as we crawl the web.
To link to or bookmark this page, use the following url: http://www.google.com/search?q=cache:vJc4uHK15lMJ:www.ccthita.org/pdf/THCC-Constitution%2520final%2520adopted%252004-14-04.pdf+Tlingit+and+Haida+Tribes+constitution&hl=en&ct=clnk&cd=2&gl=us

*Google is neither affiliated with the authors of this page nor responsible for its content.*

These search terms have been highlighted: **tlingit haida tribes constitution**

Page 1

# CONSTITUTION OF THE CENTRAL COUNCIL
## OF
# TLINGIT AND HAIDA INDIAN TRIBES OF ALASKA

### PREAMBLE

The **Tlingit** and **Haida** Indian **Tribes** of Alaska, in order to form a single regional tribal entity, preserve their identity as Indian **Tribes** and the identity and culture of their tribal member citizens and descendants as Indian people, provide for the exercise of their tribal sovereignty and the government of the property and affairs of the **Tribes**, and promote the dignity and welfare of the tribal member citizens, do ordain and establish this **Constitution** of the Central Council of **Tlingit** and **Haida** Indian **Tribes** of Alaska.

## ARTICLE I. TERRITORY AND JURISDICTION

In conformance with applicable federal law, the territory and jurisdiction of the Central Council of **Tlingit** and **Haida** Indian **Tribes** of Alaska (hereinafter referred to as the —Central Council the —Tribe") shall include:

Section 1. All lands, islands, waters, airspace, or any interest therein within the boundaries of any reservation which may be established for the **Tribes**, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation, and including lands in Alaska conveyed under the Alaska Native Claims Settlement Act (ANCSA), as amended.

Section 2. All dependent Indian communities, including lands, islands, waters, airspace, or any interest therein, as established pursuant to the Rules of Election.

Section 3. All lands, islands, waters, airspace, or any interest therein now or hereafter held in trust status for the Tribe, or for any enrolled tribal member citizen thereof, whether inside or outside the boundaries of any established reservation or any dependent Indian community, and including lands in Alaska conveyed under ANCSA, as amended.

Section 4. All persons, property and activities within the Tribe's territory and jurisdiction.

Page 2

CCTHITA **Constitution** -2-
Changes Adopted by General Assembly April 14, 2004

## ARTICLE II. SOVEREIGN POWERS AND RECOGNITION

The Tribe is established pursuant to the inherent sovereign authority of the **Tlingit** and **Haida** Indian **Tribes** of Alaska. The Tribe is recognized by the United States of America as a federal recognized tribal government pursuant to Section 8 of the Act of June 19, 1935 (49 Stat. 388), amended by the Act of August 19, 1965 (79 Stat. 543), and the Act of November 2, 1994 (Pub Law 103-454, 108 Stat. 4792). The General Assembly of the Central Council is the general

legislative and governing body of the Tribe. Its functions are to secure, preserve and exercise sovereign rights, powers, authorities, privileges, and immunities of the Tribe and all such other rights, powers, authorities, privileges, and immunities as the Tribe shall possess or be granted, maintain a roll of and promote the welfare of the member citizens of the Tribe, and to legislate for and govern the Tribe and its member citizens.

### ARTICLE III. MEMBER CITIZENSHIP

Section 1. The member citizens of the Tribe shall be:

a. All living persons included on the roll prepared by the Secretary of the Interior pursuan Section 8 of the Act of June 19, 1935 (49 Stat. 388), as amended by the Act of August 1965 (79 Stat. 543); and

b. All other living persons of **Tlingit** or **Haida** blood:

   1) Who were legal residents of the Territory of Alaska on June 19, 1935, or prior thereto, or who are descendants of such persons, and

   2) Who duly apply for member citizenship in the Tribe and show to the satisfacti the Central Council that they are eligible therefor.

Section 2. The Central Council shall have power to enact a statute governing member citizenship, including enrollment and deletion of names improperly included on the tribal roll; provided, that any person who believes he or she has been incorrectly deleted from the tribal r shall be entitled to a hearing before the Tribe's Supreme Court, shall be given reasonable notic of the hearing, and shall have the opportunity to testify and present evidence on his or her own behalf. The decisions of the Tribe's Supreme Court as to member citizenship shall be consider final.

### ARTICLE IV. DELEGATES TO THE GENERAL ASSEMBL

Section 1. The General Assembly of the Central Council shall be composed of delegates from the Communities of **Tlingit** and **Haida** Indian **Tribes** listed in the Rules of Election adopted a approved as provided in Section 7 of the Act of June 19, 1935, as amended, who shall be elect in accordance with such Rules and Article III of this **Constitution**.

07/14/2008 Case FAX 02/02/02539-JR Document 64-5 Filed 07/14/2008 Page 9 of 19 036/046
THCC-Constitution final adopted 04-14-04
Page 4 of 14

Page 3

CCTHITA **Constitution** -3-
Changes Adopted by General Assembly April 14, 2004

Section 2. A delegate to the General Assembly shall be removed from such office upon conviction of a felony while in office or may be removed from such office by affirmative vote a two-thirds (2/3) majority of the delegates for any of the following reasons:

a. Failure of the delegate to satisfy the requirements for holding office as provided in the Rules of Election;

b. Absence of the delegate without good reason from three (3) consecutive days of any General Assembly annual meeting for which proper notice was given and granted by th Central Council;

c. Gross misconduct in office or neglect of duty by the delegate after his or her election tc office of delegate;

d. Physical or mental incapacity of the delegate to perform the duties of the office of delegate.

Before any vote is taken to remove a delegate, the delegate shall be provided with a written statement of the charges against the delegate at least ten (10) days before the meeting of the General Assembly at which the vote is taken, and shall be given a fair opportunity to be heard before the General Assembly in answer to such charges prior to the vote being taken. Any delegate who believes he or she has been incorrectly removed from office shall be entitled to ɛ hearing before the Tribe's Supreme Court, shall be given reasonable notice of the hearing, anc shall have the opportunity to testify and present evidence on his or her own behalf. The decisions of the Tribe's Supreme Court as to removal shall be considered final.

## ARTICLE V. DELEGATE ELECTIONS

Section 1. General elections of delegates to the General Assembly of the Central Council shall be held every even-numbered year on the third Thursday in March.

Section 2. Subject to the Rules of Election and the approval of the Central Council, each Community entitled to elect delegates to the General Assembly shall prescribe its method of election.

Section 3. In the absence of an approved election procedure for a Community, the Central Council shall appoint the members of the Local Election Committee for that Community from the names appearing on the current list maintained by Central Council of eligible voters in the Community

Community.

Section 4. A vacancy occurring during the term of office of a delegate to the General Assembly shall be filled by the Local Community Council.

Section 5. The Central Council shall enact a statute which, in conformity with this **Constitution** governs general and special elections, petitions for recall, initiative, referendum, and procedure for the consideration and adoption of constitutional amendments. The statute shall provide for all aspects of general and special elections, including secret ballot, absentee voting, temporary

---

Page 4

**CCTHITA Constitution**                     -4-
Changes Adopted by General Assembly April 14, 2004

absence from the community, notice of election, notice of nomination of candidates, election appeal, and certification of elections.

### ARTICLE VI. GENERAL ASSEMBLY

Section 1. The delegates of the General Assembly shall regularly assemble each year commencing on the third Thursday in April except:

a. In each year that delegate elections are held, the General Assembly will commence at 1 p.m. on the third Wednesday of April;

b. In each year that the Easter weekend falls upon the third Thursday in April, the General Assembly will commence on the second Thursday of April, and

c. Unless for a particular year the Central Council shall designate another day for the commencement of the General Assembly.

Section 2. The General Assembly shall be held in Juneau each year that delegate elections are held and may be held in another Community in a non-election year upon invitation by that other Community through resolution at the preceding election year General Assembly.

Section 3. Special assemblies of the General Assembly may be called by the President, or by the Executive Council, or by notice supported by not less than one-fourth of the delegates. Calls a

notices for a special assembly shall set forth the purpose for such assembly but at such special assembly the Central Council may transact any other business or take any other actions within powers.

Section 4. At all assemblies of the General Assembly a quorum shall consist of a majority of those holding the office of delegate and no business shall be transacted unless a quorum is present. All assemblies shall be conducted in conformance with this **Constitution**, —Convent Rules" adopted by the Central Council, and Robert's Rules of Order. Any conflict among the preceding authorities shall be resolved by in the order of precedence set forth in the preceding sentence.

### ARTICLE VII. POWERS OF THE GOVERNING BODY OF THE

Section 1. The governing body of the Central Council shall be comprised of the General Assembly of delegates, and, consistent with the terms of this **Constitution**, the Executive Council. The governing body of the Central Council shall possess sovereign and plenary powe to legislate for and to govern, conduct and manage the affairs and property of the Tribe, including, without limitation, the following:

a. To maintain a roll of the member citizens of the Tribe and to decide upon the qualificat and applications of persons seeking member citizenship in the Tribe.

---

Page 5

**CCTHITA Constitution**            -5-
Changes Adopted by General Assembly April 14, 2004

b. To purchase, lease, take by gift, grant, devise or bequest, or otherwise acquire, own, hold, improve, use and otherwise deal in and with money, securities, real and personal proper rights and services of any kind and description, or any interest therein, including any property obtained pursuant to the Alaska Native Claims Settlement Act, as amended.

c. To sell, convey, grant, mortgage, pledge, lease, exchange, transfer and otherwise dispos all or any part of its real and personal property and assets including any property obtain pursuant to the Alaska Native Claims Settlement Act, as amended, except as prohibited federal law.

    d. To negotiate and enter into contracts with persons and entities of every kind and description, public and private; to represent the will of the Central Council on all occasi and in all activities; to engage in relations, negotiations, agreements, and consultations other tribal, local, state and national governments on behalf of the Tribe; and to take su additional steps with respect to matters of the Tribe as may be required to: (i) perform, implement and give effect to the activities requiring the consent of the Tribe; and (ii) to perform, implement, give effect to and administer such consent.

    e.     To borrow and raise money by all lawful means, and to pledge the credit of the Tribe.

    f.     To employ qualified persons to render professional and technical services as needed.

    g. To authorize the advance, expenditure, use, investment and reinvestment of funds on deposit in the treasury of the United States to the credit of the Central Council of **Tling** and **Haida** Indian **Tribes** of Alaska in such manner and for such purposes as may be authorized by Congress.

    h. To consult with and advise any and all persons, officers and entities, public and private, concerning subjects and matters affecting the interests of the Tribe.

    i.     To designate Communities which may elect delegates to the Central Council, to prescri the qualifications for delegates, to rule on the qualifications and status of those presenti themselves as delegates, and to determine all matters relating to member citizenship in Tribe.

    j.     To authorize and approve constitutions for Community Councils and to delegate to such Community Councils such governmental and proprietary functions as the Central Coun shall determine under such rules and regulations and subject to such limitations and conditions as the Central Council shall prescribe.

    k. To hear and determine or otherwise provide for the hearing and determination of cases, controversies and matters arising within the jurisdiction of the Tribe, and to establish co and other tribunals to exercise the judicial powers of the Tribe.

07/14/2008 21:00 FAX 2022120359 JR   Case 1:06-cv-02239-JR   Document 64-5   Filed 07/14/2008   Page 13 of 19   ☒040/046
THCC-Constitution final adopted 04-14-04
Page 8 of 14

Changes Adopted by General Assembly April 14, 2004

l. To provide for the establishment of standing committees of the Central Council and to prescribe their functions and jurisdictions.

m. To exercise the power of eminent domain over land or interests therein within the territory and jurisdiction of the Tribe in conformance with applicable federal law.

n. To exercise the power to tax and to establish tariffs, fees or assessments with respect to any person or entity within the territory and jurisdiction of the Tribe in conformance with applicable federal law.

o. To enact resolutions, regulations, and statutes to safeguard and promote the peace, health, safety and general welfare of the Tribe in conformance with applicable federal law.

p. To conduct and manage the affairs and property of the Tribe, and to provide services to individual member citizens of the Tribe, or to other entities owned by individual memb citizens of the Tribe, including corporations organized pursuant to the Alaska Native Claims Settlement Act, as amended.

Section 2. The Central Council shall possess such powers as are incident and necessary to the execution of the powers set forth above, and such further powers as it may from time to time b granted.

Section 3. The Central Council, through either the General Assembly or the Executive Counci may charter or otherwise authorize and provide for the organization of subordinate groups or entities to perform governmental, proprietary and revenue-raising enterprise functions for the Tribe and its member citizens, and to delegate to such subordinate groups or entities such pow as it shall determine under such rules and regulations and subject to such limitations and conditions as it shall prescribe.

Section 4.

a. Sovereign Immunity of the Tribe

The sovereign immunity of the Central Council of **Tlingit** and **Haida** Indian **Tribes** of Alaska may be waived only by express legislative action of the General Assembly or th Executive Council after consultation with the tribal attorneys. All waivers of sovereign immunity must be preserved with the acts and resolutions of the Central Council of continuing force and effect. Waivers of sovereign immunity are disfavored and shall be granted only when necessary to secure a substantial advantage or benefit to the **Tribes**. Waivers of sovereign immunity shall not be general but shall be specific and limited as duration, grantee, transaction, property or funds, if any, of the Tribe subject thereto, cou having jurisdiction pursuant thereto and law applicable thereunder.

b. Sovereign Immunity of Subordinate Entities

CCTHITA **Constitution** -7-
Changes Adopted by General Assembly April 14, 2004

Subordinate entities of the Central Council created pursuant to Section 3 of this Article shall have whatever sovereign immunity is expressly vested in them in their organic documents by the Central Council. The sovereign immunity of any such subordinate en may be waived only by express resolution of the governing body thereof and pursuant t organic document. Waivers of sovereign immunity of governmental subdivisions of the Central Council are disfavored and shall be granted only when necessary to secure a substantial advantage or benefit to the governmental subdivision. Waivers of sovereign immunity shall not be general but shall be specific and limited as to duration, grantee, transaction, property or funds, if any, of the subordinate entity subject thereto, court ha\ jurisdiction pursuant thereto and law applicable thereunder. No subordinate entity of th Central Council may waive the sovereign immunity of the Central Council, nor may an action of a subordinate entity impair or affect the credit or assets of the Central Council any manner.

c. Sovereign Immunity of **Tlingit** and **Haida** Community Councils

The sovereign immunity of a **Tlingit** and **Haida** Community Council may be waived or by express legislative action of the Community Council after consultation with the Community attorneys. All waivers of sovereign immunity must be preserved with the a and resolutions of the Community Council of continuing force and effect. Waivers of sovereign immunity of a **Tlingit** and **Haida** Community Council are disfavored and sha granted only when necessary to secure a substantial advantage or benefit to the Community. Waivers of sovereign immunity shall not be general but shall be specific a limited as to duration, grantee, transaction, and property or funds, if any, of the Commu subject thereto, court having jurisdiction thereof and law applicable thereunder. No Community Council may waive the sovereign immunity of the Central Council of Tlin| and **Haida** Indian **Tribes** of Alaska, nor may any action of a Community Council impa affect the credit or assets of the Central Council in any manner.

## ARTICLE VIII. OFFICERS AND EXECUTIVE COUNCIL

Section 1. At its first Assembly after each general election of delegates, the General Assembly shall elect from among the regular delegates the following executive officers: President, First Vice President, Second Vice President, Third Vice President, Fourth Vice President, Fifth Vic President, and Sixth Vice President, which executive officers shall comprise the Executive Council of the Central Council and serve until their successors are elected and qualified.

a. An incumbent President need not be a delegate to be re-elected as President.

b. The President may vote only to break a tie or when it is clear the vote of the President will affect the outcome of the issue.

Section 2. Immediately upon their election and before entering upon the duties of their offices each executive officer shall take the following oath:

**Page 8**

CCTHITA **Constitution**                         -8-
Changes Adopted by General Assembly April 14, 2004

—I, [name of person], do solemnly swear that I will bear true faith and allegiance to the Central Council of **Tlingit** and **Haida Tribes** of Alaska and its member citizens, that I will support the **Constitution** of the Central Council, and that I will faithfully discharge the duties of the office upon which I am about to enter, so help me God.

Section 3. Upon the death, resignation or removal of a Vice President, each of the remaining Vice Presidents ranking below the departed Vice President shall be elevated one office and the Executive Council shall appoint a Sixth Vice President from among the other regular delegate serve until the next election of executive officers.

Section 4. An executive officer who is charged in writing subscribed by not less than two-fifth (2/5) of the delegates to the General Assembly of the Central Council with neglect of duty or gross misconduct may be removed from office by an affirmative vote of a two-thirds (2/3)

majority of the delegates; provided that before a vote on his or her removal may be taken, the executive officer concerned shall be provided with a written statement of the charges against t executive officer at least ten (10) days before the meeting of the General Assembly at which tl vote is taken, and shall be given a fair opportunity to be heard before the General Assembly in answer to such charges prior to the vote being taken. Officers other than executive officers an( judges of the Tribe's Courts shall serve at the pleasure of the Central Council and the Presider and actions of the Central Council or the President concerning the removal of such officers sh: be final.

Section 5. Officers of and delegates to the Central Council shall receive such compensation an allowances, if any, as shall be prescribed by the Central Council, subject to the availability of funds.

### ARTICLE IX. FUNCTIONS OF OFFICERS

Section 1. The President of the Central Council shall be its chief executive officer. He or she shall preside over all assemblies of the Central Council and, subject to its direction, he shall conduct and manage the business of the Central Council, execute documents and otherwise ac for and on behalf of the Central Council, be a member ex officio of all committees of the Cent Council, and exercise such other powers as may be delegated to him or her. The President ma; delegate authority to others to perform functions and exercise powers of his or her office, and appoint committees to assist the Central Council or the President in the performance of their functions. The President shall be entitled to vote in the General Assembly in the same manner are delegates but only to break a tie or when it is clear the vote of the President will affect the outcome of the issue.

Section 2. The Vice Presidents of the Central Council shall assist the President as called upon do so. In the order of their designations they shall succeed to the office of the President upon t death, resignation or removal of the incumbent President and shall serve for the remainder of t term.

In the absence of the President from a General Assembly of the Central Council, the most seni designated Vice President available shall preside. Any of the Vice Presidents may attest acts o

07/14/2008 21:01 FAX 2022190559 DOJ  Case 1:06-cv-02359-JR  Document 64-5  Filed 07/14/2008  Page 17 of 19  044/046
THCC-Constitution final adopted 04-14-04
Page 12 of 14

the President and, upon the designation of the Central Council, may serve as Secretary to the Central Council. It shall be the responsibility of the Vice President serving as Secretary at the time to see that an accurate record is kept of all actions taken and of business conducted by the Central Council or its officers. Records of the Central Council shall be available for inspection at the main office of the Council during business hours. The Vice President serving as Secretary shall promptly transmit copies of all minutes of assemblies and resolutions of the Central Council and its officers to each **Tlingit** and **Haida** Community Council and also, upon request any member citizen of the Tribe.

## ARTICLE X. FUNCTIONS OF THE EXECUTIVE COUNCIL

When the General Assembly of the Central Council is not in session the Executive Council whether assembled or not shall possess all of the powers of the Central Council and shall be able to do all things and take all actions which the General Assembly of the Central Council could without limitation, except that the Executive Council shall not have the power to take any action which would constitute a repudiation or negation of specific action taken by the General Assembly of the Central Council at its last assembly nor to exercise the powers of the General Assembly under Article XIII.

The Executive Council shall act by affirmative majority vote of its members. A quorum shall consist of a majority of those holding the office of Executive Council and no business shall be transacted unless a quorum is present. All assemblies shall be conducted in conformance with this **Constitution**, ―Standing Rules of Order" adopted by the Central Council, and Robert's Rules of Order. Any conflict among the preceding authorities shall be resolved in the order of precedence set forth in the preceding sentence. The President may vote only to break a tie or when it is clear the vote of the President will affect the outcome of the issue.

The Executive Council shall take reasonable steps to hold its meetings in several of the Communities entitled to elect delegates to the Central Council.

## ARTICLE XI. TRIBAL COURTS

Section 1. The Central Council shall by statute establish and prescribe the functions of the Courts of the Tribe. The statute shall establish qualifications for the justices and judges of the Tribal Courts and provide for their election, provide for the employment of Court employees, and provide for rules of civil and criminal procedure and Court administration.

Section 2. The Tribal Courts shall be empowered to exercise all judicial authority of the Tribe but shall have only such jurisdiction as is delegated to the Tribal Courts by the Central Council.

Section 3. The Tribal Courts shall consist of a Tribal Supreme Court and a Tribal Trial Court and such other courts as may from time to time be established by the Central Council.

07/14/2008 21:02 FAX 2022199559 IR DOJ                               045/046
THCC-Constitution-final-adopted 04-14-04
Case 1:06-cv-01405-JR   Document 64-5   Filed 07/14/2008   Page 18 of 19
Page 13 of 14

Page 10

**CCTHITA Constitution** -10-
Changes Adopted by General Assembly April 14, 2004

Section 4. The Tribal Supreme Court shall be comprised of a Chief Justice, and such number of Associate Justices as from time to time may be deemed necessary by the Central Council in consultation with the Chief Justice.

Section 5. The Tribal Trial Court shall be comprised of a Chief Judge and such number of Associate Judges as from time to time may be deemed necessary by the Central Council.

Section 6. Each Chief Justice and Chief Judge shall be elected at a duly convened annual meeting of the General Assembly and shall serve for terms of not less than four (4) years. Each Associate Justice and Associate Judge shall be elected at a duly convened annual meeting of the General Assembly and shall serve for terms of not less than two (2) years.

Section 7. A justice or judge of the Tribal Courts may be suspended or dismissed by the Central Council under procedures provided in the statute, and then only for conviction of a felony while holding office, conviction of a crime involving moral turpitude within the previous five years, gross neglect of duty, malfeasance in office, or misconduct reflecting on the dignity and integrity of the Tribal Court.

## ARTICLE XII. BILL OF RIGHTS

The Central Council, in exercising powers of self-government, shall not:

a. Make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances;

b. Violate the right of the people to be secure in their persons, houses, papers and effects against unreasonable search and seizures, nor issue warrants but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized;

c. Subject any person for the same offense to be twice put in jeopardy;

07/14/2008 21:02 FAX 2022199559  DOI  ☑046/046
THCC-Constitution final adopted 04-14-04
Case 1:06-cv-01279-JR Document 64-5 Filed 07/14/2008 Page 19 of 19
Page 14 of 14

  d. Compel any person in any criminal case to be a witness against himself;

  e.  Take any private property for public use without just compensation;

  f.  Deny to any person in a criminal proceeding the right to a speedy and public trial; to be informed of the nature and cause of the accusation, to be confronted with the witnesses against the accused, to have compulsory process for obtaining witnesses in favor of the accused, and at the expense of the accused to have the assistance of counsel in defense;

  g. Require excessive bail, impose excessive fines, inflict cruel and unusual punishments, and in no event impose for conviction of any one offense any penalty or punishment greater than imprisonment for a term of six (6) months or a fine of $500 or both;

**CCTHITA Constitution**    -11-
Changes Adopted by General Assembly April 14, 2004

  h. Deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law;

  i.  Pass any bill of attainder or ex post facto law; or

  j.  Deny to any person accused of an offense punishable by imprisonment the right, upon request, to a trial by jury of not less than six (6) persons.

### ARTICLE XIII. ADOPTION AND AMENDMENT

This **Constitution** shall be in force and effect from the time of its adoption by vote of a major of the delegates elected to the General Assembly of the Central Council. It may be amended b vote of two-thirds of the delegates present at any assembly of the Central Council, except amendments proposed and distributed in writing to all delegates ninety (90) days before an assembly of the Central Council may be adopted by an affirmative vote of the majority of the delegates present at that assembly.'