UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nez Perce Tribe, et al.    )
                           )    Civil Action No. 06cv02239-JR
                           )
                           )
              Plaintiffs,  )
v.                         )
                           )
KEMPTHORNE, et al.         )
                           )
              Defendants  )

## DECLARATION OF GREG LAFRANCE

I Greg La France, pursuant to 28 U.S.C. § 1746 do hereby declare and state:

1. I am the Superintendent of the Northern Idaho Agency for the Bureau of Indian Affairs ("BIA"). I have held that position since May 27, 2008, and I have been at the Northern Idaho Agency since that time. My responsibilities as Superintendent include serving as the line officer responsible for the planning, implementing, directing, monitoring and evaluating the BIA's trust responsibilities and program services within the Northern Idaho Agency. The Northern Idaho Agency services the Nez Perce Tribe along with the Kootenai Tribe. The services provided by the Agency include Forestry, Natural Resources, Social Services and Roads.

2. Although the services the Agency provides to each of the 2 Tribes in the Agency (Nez Perce and Kootenai) and are the same in principle, in practice the scope and range can be very different for different Tribes. This means that the income generated from various activities will vary from Tribe to Tribe. For example, the Tribal trust records the Northern Idaho Agency holds for the

Nez Perce Tribe include Forestry Management Plans, Timber Sales files, Wildland-Urban Interface Project Files, Hazardous Fuels Reduction Project files, Agency Fire Control Plans, Water Resources/Rights files, General Program Correspondence, Title Documents & Correspondence, and Fee to Trust Applications. This is because the Nez Perce Tribe, pursuant to tribal self determination under P.L. 93-638, dictates how the Tribes programs should be designed to meet the Tribe's objectives, meaning that tribal income varies from tribe to tribe. The Nez Perce Tribe's main source of trust income, forestry, has been administered by the Tribe pursuant to a 638 contract since 1983

3. Attached as exhibit A is a true and correct copy of the constitution of the Nez Perce Tribe, which was adopted in 1948. The Nez Perce has a nine member Tribal Council elected to three year terms. The Nez Perce has joined with the Umatilla and Yakama Tribes as co-plaintiffs against the state of Oregon with respect to fishing rights on the Columbia River. To my knowledge, this litigation is still ongoing.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 14th day of July, 2008.

*Greg LaFrance*

# DECLARATION OF

# Greg LaFrance

# July 14, 2008

# EXHIBIT A

Back to Table of Contents

## 1999 Revised Constitution and Bylaws of the Nez Perce Tribe

Revised: 1999

## PREAMBLE

We, the members of the Nez Perce Tribe, in order to exercise our tribal rights and promote our common welfare, do hereby establish this Constitution and Bylaws.

Back to Top

## ARTICLE I - PURPOSE

The purpose of this Constitution and Bylaws shall be to protect and promote the interests of the Nez Perce Indians to develop cooperative relations with the Bureau of Indian Affairs and other federal agencies, and to cooperate with the State and local governments.

Back to Top

## ARTICLE II - NAME

This tribal organization shall be called "The Nez Perce Tribe".

Back to Top

## ARTICLE III - TERRITORY

The jurisdiction of the Nez Perce Tribe shall extend to all lands within the original confines of the Nez Perce reservation boundaries as established by treaty; and extra-territorial jurisdiction for the purposes of protecting the rights of the Nez Perce Tribe as guaranteed by treaties with the United States of America; and also to such other lands as may be hereafter acquired by or for the Nez Perce Indians of Idaho.

Back to Top

# ARTICLE IV - MEMBERSHIP

### Section 1.

The membership of the Nez Perce Tribe shall consist as follows, provided they have not lost or do not hereafter lose their membership under the terms of any tribal membership ordinance:

> **(A)** All persons whose names appear on the official Nez Perce Tribal Membership Roll of December 3 ,1956, as corrected by any action of the Secretary of the Interior.
>
> **(B)** All children who are of at least one-fourth (l/4) degree Nez Perce Indian ancestry born to a member of the Nez Perce Tribe, provided that an application for enrollment is filed with the Nez Perce Tribal Executive Committee within eighteen (18) years after birth.
>
> **(C)** Person adopted into the Tribe under the terms of a tribal membership ordinance.

### Section 2.

The Executive Committee of the Tribe shall have power to make rules, subject to approval by the Secretary of the Interior or his authorized representative, governing the adoption of new members or the termination of membership in the Tribe.

Back to Top

# ARTICLE V - THE TRIBAL GENERAL COUNCIL

### Section 1.

The qualified voters of the Tribe as defined in Section 5 of this Article, shall constitute the Tribal General Council. There shall be two meetings of the Tribal General Council annually, which shall take place on the first Friday and Saturday in May and on the last Friday and Saturday in September.

### Section 2.

The Tribal General Council shall on the first day of the May, 1983 Tribal General Council meeting, upon being called to order by the Chairman of the Tribal General Council,, elect a Chairman, a Secretary, three (3) Election Judges and a Resolutions Committee of not more than four (4) members. Election of Tribal General Council officers shall thereafter be held on the
first day of September Tribal General Council meeting. Provided however, that the terms of the adoption of this amendment, shall be extended until the election of their successors in September, 1984.

### Section 3.

The officers of the Tribal General Council, elected under Section 2 of this Article, shall hold office for one year and until their successors have qualified.

**Section 4.**

    **(A)** It shall be the duty of the Chairman of the Tribal General Council to preside over meetings of the Tribal General Council.

    **(B)** It shall be the duty of the Secretary of the Tribal General Council to take minutes and record all action of the Tribal General Council.

    **(C)** It shall be the duty of the Chairman and the Secretary of the Tribal General Council to prepare the agenda for every meeting of the Tribal General Council subject to amendment from the floor.

    **(D)** It shall be the duty of the Election Judges to pass on the eligibility of members to vote in the General Council, to supervise all elections and decide all election disputes, subject to the provisions of any Tribal Election Ordinance, and to certify the election results as attested to by the Chairman of the Tribal General Council.

**Section 5.**

Any enrolled member of the Nez Perce Tribe who is eighteen or over shall be entitled to vote in General Council Meetings or Elections.

**Section 6.**

The Resolutions Committee shall have the power, between meetings of the General Council, to meet for a total of not to exceed ten days annually for the purpose of considering suggestions, problems and complaints from the people concerning tribal affairs. If the Resolutions Committee find any such suggestions, problem or complaint to merit its presentation to the Nez Perce Tribal Executive Committee, it shall do so. The Nez Perce Tribal Executive Committee shall be required to place such item or items on the agenda of its next regular meeting or to call a special meeting for the consideration of such item or items. The item or items shall be automatically placed on the agenda of each regular NPTEC meeting thereafter until final disposition has been made. A report in writing of the action taken at each meeting shall be mailed or delivered to each member of the Resolutions Committee within seven (7) days after each meeting. Nothing herein contained shall be construed as depriving a member of the right to appeal directly to the Nez Perce Tribal Executive Committee.

Back to Top

# ARTICLE VI - THE NEZ PERCE TRIBAL EXECUTIVE COMMITTEE

**Section 1.**

The affairs of the Nez Perce Tribe shall be administered by a Tribal Executive

Committee (hereinafter referred to as NPTEC), consisting of nine (9) members elected by the Tribal General Council.

### Section 2.

**(A)** The full term of office of each member of the NPTEC shall be three years; the three year terms, under the Tribal Constitution of 1948, expiring in 1962 to be designated "Class A", the three terms expiring in 1963 "Class B", and the three terms expiring in 1964 "Class C". Members of the NPTEC shall be elected at the May meeting of the Tribal General Council and shall serve until their successors have qualified.

**(B)** In the case of a vacancy on the NPTEC through death, resignation or removal, NPTEC shall elect a successor to serve until the next May meeting of the Tribal General Council. At such May meeting the General Council shall elect a successor to serve for the remainder of the term.

### Section 3.

Subject to the provisions of Article VII, Section 4, any qualified voter of the Nez Perce Tribe shall be eligible for election to the NPTEC, provided that he is one fourth (1/4) degree or more Nez Perce Indian ancestry and has had one year permanent residence within the confines of the reservation, as established by the Treaty of 1863, immediately preceding his election.

### Section 4.

The NPTEC shall meet immediately following the annual May meeting of the General Council for the purpose of electing from its own membership (a) a Chairman; (b) a Vice-Chairman; (c) a Secretary; (d) a Treasurer; (e) an Assistant Secretary-Treasurer; and (f) a Chaplain.

### Section 5.

Every member of the NPTEC shall have the right to vote on any matter which shall be brought before the Committee.

### Section 6.

A petition for the recall of a member of the NPTEC shall be in writing and signed by at least 175 of the persons who were eligible and registered to vote at the last preceding election of the NPTEC and shall charge that a member of the NPTEC has violated his oath of office or committed an act or acts of misconduct or neglect of duty, and such violation, act or acts shall be concisely described in the petition. The petition shall be attested by the Chairman of the General Council. The petition shall be filed with the NPTEC. If the petition is in accordance with requirements of this section, the NPTEC shall call a special election to be held on a date not less than 30 days and not more than 60 days after such call. The election shall be held at polling places established at Lapwai, Kamiah, and Orofino, Idaho. At such election, the persons eligible and registered to vote at the last election of the NPTEC shall vote upon the recall petition by secret ballot. If at least two hundred sixty votes are cast and at least seventy-five percent of the votes cast favor recall,

NPTEC shall declare that the member complained of in the petition is removed from office and his position shall be vacant and the NPTEC shall proceed in accordance with section 2(B) of Article VI.

Back to Top

## ARTICLE VII - REMOVAL FROM OFFICE AND DISQUALIFICATION

### Section 1.

Any member or officer of the NPTEC shall automatically forfeit his office if convicted by any court of competent jurisdiction of any criminal offense, other than a minor traffic, hunting or fishing violation, for which he is sentenced to imprisonment or payment of a fine in lieu thereof.

### Section 2.

NPTEC shall, by majority vote, expel any member of the NPTEC found guilty by it of (a) having absented himself from three successive meetings of the Committee without sufficient reason acceptable to the Committee; (b) other neglect of duty; or (c) gross misconduct. Before any vote for expulsion is taken in the matter, such member shall be given a written statement of the charges against him at least ten days before the meeting of the NPTEC at which he is to appear. He shall be given a reasonable opportunity to answer charges at the designated Committee meeting. Failure of the accused to appear at the scheduled time shall be deemed a waiver of his right to a hearing, unless a satisfactory excuse for such failure to appear is furnished within a reasonable time thereafter. The decision of the NPTEC shall be final.

### Section 3.

The NPTEC shall formulate and adopt a set of rules defining other neglect of duty and gross misconduct as applied to members of the Committee.

### Section 4.

    **(A)** No person who has been convicted of a felony by a court of competent jurisdiction may serve as a member of the NPTEC until ten years following his release from confinement.

    **(B)** No person who has been convicted by a court of competent jurisdiction of a criminal offense other than a felony or a minor traffic, hunting or fishing violation for which he was sentenced to imprisonment or payment of a fine in lieu thereof may serve as a member of the NPTEC until three years following his conviction.

    **(C)** No person who has been removed from NPTEC under Section 2 of this Article may serve on it again until three years following his removal.

Back to Top

# ARTICLE VIII - POWERS AND DUTIES OF THE NEZ PERCE TRIBAL EXECUTIVE COMMITTEE

**Section 1.** The NPTEC shall have the following powers, to be exercised in accordance with this Constitution and with the applicable statutes of the United States.

**(A)** To represent the Tribe in negotiations with federal, state and local governments and with private corporations, associations, and individuals and to advise and consult with government offkials concerning governmental activities affecting the Tribe;

**(B)** To promote and protect the health education and general welfare of the members of the Tribe, and to administer welfare aid and such other services as may contribute to the social and economic advancement of the Tribe and its members;

**(C)** To administer unrestricted tribal funds;

**(D)** To prescribe rules governing nominations and elections of members of the NPTEC.

**Section 2.**

The NPTEC shall have the following powers, to be exercised in accordance with this Constitution and with applicable statutes of the United States and subject to approval by the Secretary of the Interior or his authorized representative.

**(A)** To manage the property of the Nez Perce Tribe, including tribal lands, restricted funds, timber and other resources, and to purchase or otherwise acquire lands or interest in lands within or without the reservation;

**(B)** To engage in any business or other economic transaction that will further the economic development of the Tribe and its members;

**(C)** To promulgate and enforce ordinances governing the conduct of all persons and activities within the boundaries of the Nez Perce reservation and in the exercise of treaty rights on or off the Nez Perce reservation, to provide for the maintenance of law and order and the administration of justice, and to regulate domestic relations and inheritance and testamentary disposition of personal property and real property, other than allotted lands, within the reservation;

**(D)** To prescribe rules governing the adoption of members into the Tribe and the loss of membership;

**(E)** To employ counsel or consultants for the protection and advancement of the Tribe, and for such other purpose as may be deemed necessary. The choice of attorneys and consultants and the fixing for fees to be approved by the Secretary of the Interior or his duly authorized representative;

**(F)** To exercise any other power which may heretofore have been delegated or may hereafter be delegated to it by any agency of local, state or federal government.

### Section 3.

Any resolution or ordinance which under Section 2 of this Article is subject to approval by the Secretary of the Interior, shall be presented to the Superintendent of the reservation who shall, within 10 days thereafter, approve or disapprove the same.

If the Superintendent shall approve any ordinance or resolution, he shall transmit it with his endorsement to the Secretary of the Interior who may, within 90 days from the date of enactment, approve or disapprove it. The resolution shall become effective upon approval by the Secretary or if it was neither approved nor disapproved upon the expiration of the prescribed 90 days.

If the Superintendent shall refuse to approve any ordinance or resolution submitted to him within 10 days after its enactment or passage, he shall advise the NPTEC of his reasons therefore. If these reasons appear insufficient to the NPTEC, it may by a majority vote, refer the ordinance or resolution to the Secretary of the Interior whom may within 90 days of its receipt by him, approve the same in writing whereupon the said ordinance or resolution shall become effective.

### Section 4.

When the approval by the Secretary of the Interior is required under Section 2 of this Article, the Secretary,
where permitted by law, may waive this requirement in writing for such period as he, in his sole discretion; deems fit.

### Section 5.

Any rights and powers heretofore vested in the Nez Perce Tribe, its General Council or its Executive
Committee, but not expressly referred to in this Constitution and Bylaws shall not be abridged by this Constitution and Bylaws, but may be exercised by the people of the Tribe through adoption of appropriate amendments.

### Section 6.

A petition for a referendum on any ordinance or resolution of NPTEC shall be in writing, shall be signed by at least 175 of the persons eligible and registered to vote at either the preceding May or September meeting of the General Council, shall set forth the ordinance or resolution with respect to which referendum is requested, and shall be filed with the Chairman of the General Council and the Election Judges. If the petition is in accordance with the requirements of this Section 6, the NPTEC shall call a referendum upon the ordinance or resolution specified in the petition to be held not less than 30 days, nor more than 60 days from the date of such call, and shall declare the ordinance or resolution suspended until the date of the referendum. The election shall be held at polling places established at Lapwai, Kamiah, and Orofino, Idaho. At such election the persons eligible and registered to vote at either the preceding May or September meetings of the General Council shall vote upon the ordinance or resolution

by secret ballot. The Election Judges shall certify the results of the election to the Chairman of the General Council and to the NPTEC. If at least two hundred sixty votes are cast and at least two-thirds of the votes cast are against the ordinance or resolution, the ordinance or resolution shall be null and void.

### Section 7.

A petition for an initiative shall be signed by at least 175 of the persons eligible and registered to vote at either the preceding May or September meetings of the General Council, shall set out the full text of the proposal to be submitted to the legal voters of the Nez Perce Tribe, and shall be filed with the Chairman of the General Council and the Election Judges. If the petition is in accordance with the requirements of this Section, the NPTEC shall call an election to be held upon the proposal not less than thirty days from the date of such call. The election shall be held at polling places established at Lapwai, Kamiah, and Orofino, Idaho. At such election the persons eligible and registered to vote at either the preceding May or September meeting of the General Council shall vote upon the ordinance or resolution by secret-ballot. The Election Judges shall certify the result of the election to the Chairman of the General Council and to the NPTEC. If at least two hundred sixty votes are cast at least two-thirds of the votes cast are in favor of the proposal the initiative shall be declared adopted and shall become effective immediately.

Back to Top

## ARTICLE IX - AMENDMENTS

### Section 1.

This Constitution and Bylaws may be amended by a two-thirds vote at an election called for that purpose, provided that a total of not less than 100 valid votes shall be cast. Such an election may be called by a resolution of the NPTEC, or a majority vote of the Tribal General Council, drovided that not less than 75 votes are cast for such call. No amendment shall become effective until approved by the Secretary of the Interior or his duly authorized representative.

### Section 2.

Members of the Tribe must be given at least sixty (60) days notice of any election under Section 1 of this Article, such notice to include the text of any proposed amendment.

Back to Top

## BYLAWS OF THE NEZ PERCE TRIBE

# ARTICLE I - DUTIES OF THE OFFICERS OF THE NEZ PERCE TRIBAL EXECUTIVE COMMITTEE

### Section 1.

The Chairman, as chief executive officer of the NPTEC shall preside over all its meetings, affix his signature to offrcial documents, and countersign warrants duly drawn by the Treasurer against the Tribal funds.

### Section 2.

The Vice-Chairman of the NPTEC shall preside at meetings and otherwise exercise the duties of the Chairman in the absence of the Chairman.

### Section 3.

The Secretary of the NPTEC shall conduct all correspondence, issue public notices, be responsible for the recordation and publication of the minutes, record official actions of the NPTEC and affix his signature to official documents.

### Section 4.

The Treasurer shall accept, receipt for, and safeguard all funds of the Tribe under his custody as directed by the NPTEC, and keep complete record of receipts and expenditures. He shall furnish a surety bond satisfactory to the NPTEC and Secretary of the Interior, the cost thereof to be paid from tribal funds, and he shall not disburse any funds of the Tribe except as duly authorized by the NPTEC, and he shall report on his account and all financial transactions at meetings of the Tribal General Council and the NPTEC.

### Section 5.

The Assistant Secretary-Treasurer shall assist, or serve in the absence of either the Secretary or the Treasurer, as provided in Section 3 and 4 of this Article. He shall furnish a surety bond satisfactory to the NPTEC and the Secretary of the Interior, the cost thereof to be paid from tribal funds.,

### Section 6.

The duties and compensation of all appointive committees and officers of the Tribe shall be defined by resolution of the NPTEC.

### Section 7.

The NPTEC may by resolution provide for an appropriate oath or afllrmation of office to be subscribed to by all tribal officials.

Back to Top

## ARTICLE II - MEETINGS

### Section 1.

The NPTEC shall meet monthly in regular session, beginning on the second Tuesday of each month, except that in case the second Tuesday is a legal holiday or under other special circumstances as determined by the Chairman of the NPTEC, the meetings may begin on the Wednesday following the second Tuesday. Meetings shall be at the tribal office, unless the Chairman designates another place and gives due notice thereof to the members of the NPTEC.

### Section 2.

Special meetings of the NPTEC may be called by the Chairman or upon written request of at least five members of the NPTEC.

### Section 3.

At any meeting of the NPTEC duly called, six members hall constitute a quorum.

### Section 4.

The NPTEC may, by a vote of majority of the members present, exclude all non-members from any meeting, if that is deemed necessary in the interest of the Tribe.

### Section 5.

At meetings of the Tribal General Council, fifty (50) qualified voters of the Tribe shall constitute a quorum.

### Section 6.

All meetings of the NPTEC or the General Council shall be governed by Robert's Rules of Order.

Back to Top


## CERTIFICATE OF ADOPTION

This is to certify .that the above amendments to the Constitution and Bylaws of the Nez Perce Tribe of Idaho were ratified by a vote of 74 for and 58 against, at a meeting on May 6,1961, of the General Council called by the Nez Perce Tribal Executive Committee pursuant to Article IX of the Constitution and Bylaws approved by the Assistant Commissioner of Indian Affairs April 2,1948, and ratified by the Nez Perce Tribe in general assembly April 30, 1948.

/s/ Richard A. Halfmoon
Chairman, Nez Perce Tribal Executive Committee

/s/ Albert Ezekial
Assistant Secretary, Nez Perce Tribal Executive Committee

/s/ William E. Ensor, Jr.
Superintendent, Northern Idaho Agency

Back to Top

# APPROVAL

I, JOHN O. CROW, Acting Commissioner of Indian Affairs, United States Department of the Interior, do hereby approve the attached amendments of the Constitution and Bylaws of the Nez Perce Tribe in Idaho as ratified by the Tribe at a duly called meeting of the General Council on May 6,1961, by a vote of 74 For and 58 Against, as certified by the Chairman and the Secretary of the Council.

The amendments approved shall be known as the Revised Constitution and Bylaws of the Nez Perce Tribe of Idaho, and shall become effective as of this date.

Date: June 27. 1961  /s/ John O. Crow
           Washington, D.C. Acting Commissioner of Indian Affairs


**APPROVAL**

I, STANLEY M. SPEAKS, Area Director, Portland Area Offke, Bureau of Indian Affairs, United States Department of the Interior, under delegated authority, do hereby approve the attached amendments of the Constitution and Bylaws of the Nez Perce Tribe of Idaho as ratified by the Tribe at a duly called meeting of the General Council on May 7,1983, as certified by the Chairman and the Secretary of the Council. The amendments approved shall be known as the Revised Constitution and Bylaws of the Nez Perce Tribe of Idaho and shall become effective as of this date.

/s/ Wilford G. Bowker
Acting Area Director, Portland Area Office
Date: February 12. 1987
Portland, Oregon


**APPROVAL**

I, STANLEY M. SPEAKS, Area Director, Bureau of Indian Affairs, Portland, Oregon, by virtue of the authority granted to the Secretary of the Interior of the United States, by the Act of June 181934 (48 Stat. 984), as amended, and delegated to me by 10 BIAM 3.1, do hereby approve the foregoing Amendment 1 to the Constitution and Bylaws of the Nez Perce Tribe. This Amendment was adopted at the May 7,1988, meeting of the General Council called for the purpose of amending the Constitution and Bylaws. The vote was 153 for, 77 against which was two-thirds vote of those voting and a total of

more than 100 valid votes were cast.

/s/ Stanley M. Speaks
Portland Area Director
Bureau of Indian Affairs

Date: April 30, 1990
Portland, Oregon

**APPROVAL**

I, STANLEY M. SPEAKS, Area Director, Bureau of Indian Affairs, Portland, Oregon, by virtue of the authority granted to the Secretary of the Interior of the United States, by the Act of June 18,1934 (48 Stat.984), as amended, and delegated to me by 10 BIAM 3.1, do hereby approve the foregoing Amendment No. V to the Constitution and Bylaws of the Nez Perce Tribe of Idaho. This Amendment was adopted at the June 6,1999, meeting of the General Council called for the purpose of amending the Constitution and Bylaws. The vote was 154 for and 43 against which was two-thirds vote of those voting and a total of more than 100 valid votes were cast.

/s/ Stanley M. Speaks
Portland Area Director Bureau of Indian Affairs

Date: September 2, 1999
Portland, Oregon

Back to Top

## CONSTITUTIONAL HISTORY

**1.** The first modern version of the Constitution and By-Laws of the Nez Perce Tribe of Idaho, was approved by the Assistant Commissioner of Indian Affairs, William E. Censor, Jr., on April 2, 1948, and ratified by the General Council on April 30, 1948.

**2.** The first amendment to the Constitution and By Laws of the Nez Perce Tribe of Idaho was voted upon by the General Council on May 6,196 1, and approved by John 0. Crow, Acting Commissioner of Indian Affairs, on June 27, 1961.

**3.** The Revised Constitution and Bylaws of the Nez Perce Tribe was amended by the General Council on May 7,1983,and approved by Stanley M. Speaks, Area Director, Portland Area Office, Bureau of Indian Affairs, on August 12, 1983. This version clarified the jurisdiction of the Tribe. It also deleted the requirement of Department of Interior approval to call General Council meetings, and changed the name of the "Nez Perce Tribe of Idaho" to the "Nez Perce Tribe".

**4.** This amendment was voted upon by General Council on September 26,1986, and approved by Wilford G. Bowker, Acting Area Director, Portland Area Office, Bureau of

Indian Affairs, on February 12, 1987. Three new sections were added: Article VI, Section 6, Petition for the recall of NPTEC members; Article VIII, Section 6, Petition for a referendum; and Article VIII, Section 7, Petition for an initiative.

**5.** An amendment was voted upon by the General Council on May 7, 1988, and approved by Stanley M.
Speaks, Area Director, Portland Area Offrce, Bureau of Indian Affairs, on April 30, 1990. The following two sentences were added to Article V, Section 6: "The item or items shall be automatically placed on the agenda of each regular NPTEC meeting thereafter until final disposition has been made. A report in writing of the action taken at each meeting shall be mailed or delivered to each member of the Resolutions Committee within seven (7) days after each meeting.

**6.** The Revised Constitution and By-Laws of the Nez Perce Tribe, consisted primarily of changing the voting age from 21 years to all over 18 years regardless of where they live. This amendment was voted upon by the General Council on June 6,1999, and approved by Stanley M. Speaks, Portland Area Director, Bureau of Indian Affairs, on September 2, 1999.

Back to Top