IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEZ PERCE TRIBE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06cv02239-JR |
| ) | |
| DIRK KEMPTHORNE, ) | |
| Secretary of the Interior, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PARTIES' JOINT STIPULATION AS TO [PROPOSED]
<u>NOTICE TO THE PUTATIVE CLASS</u>**

WHEREAS, on August 8, 2008, Plaintiffs filed their Motion For Leave For Plaintiffs' Counsel To Send Court-Approved Notice To Members Of The Putative Class ("Plaintiffs' Motion") (Dkt. 73);

WHEREAS, Defendants identified certain grounds for objecting to Plaintiffs' Motion;

WHEREAS, on August 22, 2008, Defendants moved for an extension of time to oppose or otherwise respond to Plaintiffs' Motion (Dkt. 74);

WHEREAS, on August 26, 2008, the Court issued an Order (Dkt. 75) granting Defendants' motion for an extension of time to and including September 9, 2008. The Order further stated that Defendants' "counsel should take notice that the Court expects to approve the idea of sending notice and focus their response on what the notice should say.";

WHEREAS, in light of the Court's August 26, 2008 Order, counsel for Plaintiffs and Defendants have held several discussions in an effort to agree on the form and content of a proposed notice to the putative class to submit to the Court for approval;

WHEREAS, as set forth below and in Attachment 1 hereto, Plaintiffs and Defendants have agreed upon the form and content of a proposed notice to be sent to the putative class, but, as explained briefly below, they have been unable to agree on one related issue regarding the impact, if any, of the Notice on when the Court should rule on the pending class certification motion;

WHEREAS, as set forth in Plaintiffs' Proposed Order submitted with Plaintiffs' Motion, Plaintiffs believe putative class members should have a reasonable time after Notice is given to respond to the Notice before a ruling on class certification.

WHEREAS, Defendants disagree and do not believe the statue of limitations should be further extended, and have by unopposed motion moved for an extension of time in which to fully brief the issue; and.

WHEREAS, the Parties' Proposed Notice To Putative Class Members (the Parties' Proposed Notice") is appended hereto as Attachment 1.

NOW, THEREFORE, the parties hereby stipulate and agree to the following:

1.      The parties hereby respectfully request that the Court approve the Parties' Proposed Notice, that Plaintiffs' counsel be authorized to send the Parties' Proposed Notice to the putative class members, and following completed briefing on Plaintiffs' Motion, decide the issue as to whether the Court's Order on Plaintiffs' Motion should address the issue regarding when the Court will decide the class certification motion in light of the Notice.

2. Plaintiffs shall bear all costs for sending the Parties' Proposed Notice to the putative class members.

WHEREFORE, the parties jointly and respectfully request that the Court approve of and enter the [Proposed] Notice.

Respectfully submitted this 9th day of September, 2008,

| | |
|---|---|
| | RONALD J. TENPAS<br>Assistant Attorney General |
| *pursuant to written authorization (9/9/08)*<br>/s/ Melody L. McCoy by /s/ Michael D. Thorp<br>MELODY L. McCOY<br>DONALD R. WHARTON<br>DAVID L. GOVER<br>DAWN S. BAUM<br>MARK C. TILDEN<br>JOHN ECHOHAWK<br>WALTER R. ECHO-HAWK, JR.<br>Native American Rights Fund<br>1506 Broadway<br>Boulder, CO  80302<br>Tel: (303) 447-8760<br>Fax: (303) 443-7776<br><br>Attorneys for Plaintiffs | /s/  Michael D. Thorp<br>MICHAEL D. THORP<br>MAUREEN E. RUDOLPH<br>E. KENNETH STEGEBY<br>ANTHONY P. HOANG<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Natural Resources Section<br>Washington, D.C.  20044-0663<br>Tel: (202) 305-0456<br>Tel: (202) 305-0479<br>Tel: (202) 616-4119<br>Tel: (202) 305-0241<br>Fax: (202) 353-2021<br><br>Attorneys for Defendants<br><br>OF COUNSEL:<br><br>PAUL SMYTH<br>ELISABETH C. BRANDON<br>MICHAEL BIANCO<br>THOMAS BARTMAN<br>Office of the Solicitor<br>United States Department of the Interior<br>Washington, D.C.  20240<br><br>TERESA DAWSON<br>Office of the Chief Counsel<br>Financial Management Service<br>United States Department of the Treasury<br>Washington, D.C.  20227 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing PARTIES' JOINT STIPULATION REGARDING BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION AND CLASS NOTICE APPROVAL, AND [PROPOSED] ORDER was served on September 9, 2008 by Electronic Case Filing or by regular, first-class United States mail, postage pre-paid, and by electronic mail or telefax, unless otherwise noted below, on the following counsel:

> MARK C. TILDEN
> DAWN STURDEVANT BAUM
> MELODY L. McCOY
> DAVID R. GOVER
> JOHN E. ECHOHAWK
> WALTER R. ECHO-HAWK, JR.
> Native American Rights Fund
> 1506 Broadway
> Boulder, CO  80302
> Fax: (303) 443-7776

                                                     _/s/ Michael D. Thorp_____
                                                     MICHAEL D. THORP

IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NEZ PERCE TRIBE, <u>et al.</u>, )<br>                                       )<br>    Plaintiffs,              )<br>                                       )<br>    v.                               )<br>                                       )<br>DIRK KEMPTHORNE,         )<br>Secretary of the Interior, <u>et al.</u>,  )<br>                                     )<br>    Defendants.          )<br>_____) | Case No. 06cv02239-JR |

**<u>NOTICE TO PUTATIVE CLASS MEMBERS</u>**

TO:   **TRIBAL TRUST FUND ACCOUNT HOLDERS WHO RECEIVED, OR WERE ELIGIBLE TO RECEIVE, A TRIBAL TRUST FUND RECONCILIATION PROJECT REPORT (ALSO COMMONLY KNOWN AS AN "ARTHUR ANDERSEN AGREED-UPON ENGAGEMENT AND PROCEDURES REPORT" IN 1996 OR 1997), AND DO NOT HAVE A PENDING ACTION IN FEDERAL DISTRICT COURT. THIS LAWSUIT MAY AFFECT YOUR TRIBE. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

<u>GENERAL BACKGROUND</u>

      The United States government is the trustee for the trust fund accounts of certain American Indian/Alaska Native Tribes. The government has delegated its trustee functions relating to those trust fund accounts primarily to the United States Department of the Interior ("Interior Department").

      In 1996 and 1997, the Interior Department conducted a project on the trust funds of certain American Indian/Alaska Native Tribes, using a contractor, Arthur Andersen, LLP ("Arthur Andersen" or "AA"). At the conclusion of the project, the Interior Department and Arthur Andersen provided the Tribes with reports about their trust funds ("Trust Reconciliation Project" or "TRP" reports, also commonly known as "Arthur Andersen Agreed-Upon Engagement and Procedures Reports" or "Arthur Andersen Reports"). Your Tribe may have received, or may have been eligible to receive, such a report.

      The general statute of limitations for civil actions against the United States government provides that claims shall be barred, unless those claims are filed within six years of the accrual

of the right of action. Public Laws 107-153 and 109-158 state that "for purposes of determining the date on which an Indian tribe received a reconciliation report for purposes of applying a statute of limitations, any such report provided to or received by an Indian tribe…shall be deemed to have been received by the Indian tribe on December 31, 2000."

This lawsuit was filed on December 28, 2006, by twelve tribes (Nez Perce, Mescalero Apache, Tule River, Hualapai, Yakama, Klamath, Yurok, Cheyenne-Arapaho, Pawnee, Sac and Fox, Santee Sioux, and Tlingit and Haida) (collectively, "Plaintiffs") against the Secretary of the Interior Department and the Secretary of the United States Department of the Treasury (collectively, "Defendants"). The lawsuit was filed as a class action on behalf of all tribes (the putative class) that received, or were eligible to receive, Arthur Andersen reports and that did not have their own lawsuits for accountings pending as of December 31, 2006. The lawsuit alleges, in part, that the Arthur Andersen reports were not sufficient under the law.

Defendants have denied that they have violated the law, that they have any liability, and that they have committed any wrongdoing. Defendants have moved to dismiss this case (as well as the separate cases of seven other tribes) on the grounds that the Court does not have jurisdiction over the claims asserted by Plaintiffs and the other tribes. Plaintiffs and the other tribes have opposed Defendants' motion. The Court has not ruled on the motion. Nor has the Court ruled on any issues of violation, liability, or wrongdoing in this case or any of the other cases. The Court could rule at any time.

STATUS OF CLASS ACTION CERTIFICATION

Plaintiffs moved for Court approval of class certification status on June 6, 2008. Defendants opposed class certification, and the Court heard oral argument on the class certification issue on July 24, 2008. The Court has not ruled on Plaintiffs' request for class certification yet, but it could do so at any time.

YOUR TRIBE MAY BE AFFECTED

**You are being provided with this notice because your Tribe may be affected by this lawsuit. At this time, you may choose to do a number of things, including but not limited to taking no action; seeking to join this lawsuit; and consulting with an attorney in order to determine whether and how your Tribe may be affected by this lawsuit and by any Court ruling on class certification. If the Court denies Plaintiffs' class certification request, you may have to act quickly.**

You may contact the attorneys who are representing Plaintiffs (the Native American Rights Fund or "NARF"), or you may contact counsel of your own choice.

If you wish to contact NARF, you may do so as follows:

Telephone number: 1-800-___-_____; or,
Email address: _____@_____

Please note that the foregoing telephone number and e-mail address are set up only to RECEIVE voice-mails and e-mails, but your inquiry will be logged, and NARF will respond. Also, NARF maintains the following informational website for this case: www.tribaltrust.com.

If you wish to know more about this action, you may inspect the Court's file at the Office of the Clerk, United States District Court for the District of Columbia, 333 Constitution Ave, NW, Washington, D.C. 20001, during normal business hours.  **PLEASE DO NOT WRITE TO OR TELEPHONE THE COURT REGARDING THIS NOTICE OR THIS CASE.**